**STATE of Missouri, Plaintiff-Appellant,**

v.

**Harvey D. SHELL,
Defendant-Respondent.**

**No. 39236.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 12, 1978.

Lawrence E. Mooney and James E. Busch, Clayton, for plaintiff-appellant.

Alan G. Kimbrell, St. Louis, for defendant-respondent.

STEWART, Presiding Judge.

Harvey Shell, defendant, was charged by information with appearing before an agency for which he was formerly employed in violation of RSMo. § 105.480, a conflict of interest statute. A jury in the magistrate

court found defendant guilty and fixed a fine of $50. Defendant appealed to the circuit court from the judgment entered upon the verdict. The circuit court sustained Shell's motion to dismiss the information against him on the ground that it was duplicitous. We reverse and remand.

RSMo. § 105.480, subsection 1, the conflict of interest statute, provides:

"No person who has served as an officer or employee of an agency shall within a period of two years after the termination of the service or employment appear before the agency or receive compensation for any services rendered on behalf of any person, firm, corporation or association in relation to any case, proceeding or application with respect to which the person was directly concerned and in which he personally participated during the period of his service or employment."

The information filed in magistrate court alleged that defendant, a former employee of the Missouri Air Conservation Commission,

"did willfully and unlawfully, in the County of St. Louis, Missouri, on or about November 19, 1975, within a period of two years after the termination of his employment, appear before the agency on behalf of the City of Columbia, Missouri . . . in relation to a case or proceeding with respect to which he was directly concerned and in which he personally participated during the period of his employment . . . ."

The State contends that the information is not duplicitous by reason of the use of the words "case or proceeding" because the words are virtually synonymous.

 Duplicity is generally defined as the fault of charging two or more offenses in one count of an information or indictment. *State v. Thomas,* 360 S.W.2d 694 (Mo.1962). It has been said that where a statute sets forth different acts or offenses in the disjunctive the formal charge should be in the conjunctive. However, where the words joined by the disjunctive are synonymous or where the words while not precisely synonymous have common elements, a

disjunctive statement is not in itself fatal to the information or indictment. *State v. Virdure,* 371 S.W.2d 196, 199 (Mo.1963); *State v. Reask,* 409 S.W.2d 76 (Mo.1966).

The focus of our consideration is the phrase "case or proceeding." To place the words in proper perspective we digress to discuss defendant's contention that the information does not charge a violation of the statute because an agency hearing is not a "case or proceeding."

Defendant, adopting the definitions used by the State, points out that "case" is defined as "a suit or action in law or equity;" a "proceeding" is a "legal action." The authority cited is Webster's New Collegiate Dictionary (1975). He cites *Miller v. Farmers' Exchange Bank,* 228 Mo.App. 367, 67 S.W.2d 528, 532 (1934) for a definition of "action" as " 'the form of a suit in a court of justice.' " Defendant reasons that under the above definitions an appearance before a state agency is not a "suit in a court" or a "judicial proceeding" therefore the information is fatally defective because there is no such thing as a "case or proceeding" before an agency.

 Such an interpretation would give no meaning whatever to the words "case" and "proceeding" as used by the legislature. We may not take such a simplistic approach to the interpretation of a statute. While we must construe criminal statutes liberally in favor of the defendant and strictly against the State, the cardinal rule of construction is that "the intention of the lawmaker will prevail over the literal sense of the terms." *State v. Schwartzmann Service, Inc.,* 225 Mo.App. 577, 40 S.W.2d 479, 480 (1931). "The rule of strict construction is not violated by according the language used by the legislature its full meaning in support of the policy and aim of the enactment. The rule does not compel a narrow or forced construction, out of harmony with the manifest purpose and intent of the statute or one which would exclude cases from it that are obviously within its provisions." *State v. Ballard,* 294 S.W.2d 666, 669 (Mo. App.1956). We must view the crucial

words in the context of the statute and assume that the legislature did not use meaningless words. *State ex rel. May Department Stores Co. v. Weinstein,* 395 S.W.2d 525, 527 (Mo.App.1965).

The title of the Act is Regulation of Conflicts of Interests and Lobbying. The purpose of § 105.480, the statute under consideration, is to prevent former employees of state agencies from representing conflicting interests. "Agency" is defined by § 105.450(1) as:

"any department, office, board, commission, bureau, institution or any other agency, except the legislative and judicial branches of the state or any political subdivision thereof including counties, cities, towns, villages, school, road, drainage, sewer, levee and other special purpose districts."

■ The provisions of § 105.480 as it concerns this case prohibit a former employee of the agency from appearing "before the agency . . . in relation to any case, proceeding or application . . . ." "Case" and "proceeding" obviously refer to matters pending before the agency for consideration or decision and not to matters pending before a court with respect to the agency. It is the relationship of the former employee to the agency that gives rise to the conflict sought to be avoided by this statute.

■ It has been said that the word case "in common parlance 'has a more extended meaning than the word suit, or action . . . .'" *S. D. Warren Co. v. Fritz,* 138 Me. 279, 25 A.2d 645, 648 (1942). "Case" has also been defined as "a matter for consideration or decision." Webster's Third New International Dictionary (1967). In addition to the definition given above before for "proceedings" it has also been defined as "a series of steps adopted for doing or accomplishing something." Webster's Third New International Dictionary (1967). Considering the purpose of the statute and the words in the context of that statute, "case" and "proceeding" may be said to mean matters before the state agency which call for the consideration or the decision of the agency. The information is not defective in the respect urged by defendant.

■ We return to the question of duplicity. In the context of this statute the word "case" and the word "proceeding" as we have interpreted the language of the statute are for all practical purposes synonymous. The connecting word "or" denotes "the synonymous, equivalent, or substitutive character of [the] two words." Webster's Third New International Dictionary (1967). The information is not duplicitous. *State v. Virdure,* supra; *State v. Reask,* supra.

Shell contends that if not duplicitous the information failed to charge an offense in that it did not allege facts from which the court could determine whether he appeared with regard to a "case or proceeding," and that by failing to specify the case or proceeding the information would not bar his subsequent prosecution for the same offense.

■ The Rules provide that the information shall be a "plain, concise and definite" statement of the "essential facts" constituting the offense charged. Rule 24.01. To be sufficient an information must contain the essential elements of the offense and clearly apprise the court and defendant of what facts constitute the offense the defendant must defend against. *State v. Barlett,* 394 S.W.2d 434, 436 (Mo.App.1965); *State v. Muchnick,* 334 S.W.2d 386, 390 (Mo.App. 1960).

■ While not constituting a "model" document the same strictness of pleading is not required in informations charging misdemeanors as in those charging felonies. *State v. McNail,* 389 S.W.2d 214, 217–218 (Mo.App.1965). The information here was legally sufficient to charge an offense and did state the charge with sufficient particularity to notify Shell of what he must defend against and to bar subsequent prosecution for the same offense. The charge was limited to an appearance before a specific agency on a specific date on behalf of a specific client and only with respect to a

single case or proceeding with which Shell "was directly concerned" and "personally participated" during his employment. The terms of the conflict of interest statute are neither "technical nor mysterious." If an otherwise legally sufficient information lacks necessary detail to fully advise of the exact charge so that a defendant can prepare a defense, the proper remedy would be to file for a bill of particulars under Rule 24.03. *State v. Davis*, 510 S.W.2d 790, 792 (Mo.App.1974).

Shell's contention that the statute is impermissibly vague for failing to specify standards for determining what constitutes a "case or proceeding" is not meritorious. The language is intended to be broad in scope and encompass instances in which the judgment or discretion of the agency is invoked in its official capacity. Further, all appearances before the agency are not precluded, only those in relation to matters with respect to which the former employee "was directly concerned and in which he personally participated during the period of his service or employment." We hold that the statute conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. Cf. *St. Louis County v. McBride & Son, Inc.*, 487 S.W.2d 878, 879 (Mo.App. 1972).

The State's final point is that the court should not have dismissed the information as being duplicitous without giving the State an opportunity to amend. In view of the conclusion we have reached, we need not discuss this issue.

The cause is reversed and remanded to the circuit court for further proceedings.

REINHARD, J., and STEPHAN, J., concur.