**STATE of Missouri, Respondent,**

v.

**Annette FOSTER, Appellant.**

**No. 40813.**

Missouri Court of Appeals,
Eastern District,
Division 3.

June 24, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 16, 1980.

Application to Transfer Denied
Sept. 9, 1980.

**28**

George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

DOWD, Presiding Judge.

Annette Foster, defendant below, appeals from a conviction of common assault, Section 559.220, RSMo 1969.

The facts are as follows. Defendant was a photographer at the Veiled Prophet Ball in December 23, 1976. On that evening, Henry Belz, who was in charge of coordinating security, recognized defendant and approached her. As Mr. Belz approached, defendant jumped on a ramp and began to spray a canister of mace. As Mr. Belz attempted to grab defendant and pull her from the ramp, Officer Robert Downey came to Mr. Belz's assistance. In the affray Officer Downey was sprayed in the face with mace by the defendant which caused stinging and burning in Officer Downey's eyes and resulted in temporary blindness. Defendant was arrested and indicted for common assault.

On appeal, defendant alleges two points of error. Defendant initially claims that the indictment upon which she was prosecuted fails to state a cause of action in that it fails to state a plain, concise and definite statement of the essential facts constituting the offense charged, and is therefore fatally defective. The defendant also claims that the indictment is defective because it fails to set out the section of the statute defining the punishment for violations of Section 559.220 and fails to set out the name and degree, if any, of the offense charged.

■ The test of the sufficiency of an indictment is whether it contains all of the elements of the offense charged and sufficiently apprises the defendant of what he must be prepared to meet and whether it would be a bar to a subsequent prosecution for the same offense. *State v. Sargent*, 256 S.W.2d 265, 272 (Mo.App. 1953).

■ The statute under which the defendant was charged (Section 559.220, RSMo 1969) contemplates a willful offer of bodily injury coupled with apparent present ability which gives rise to a well-founded fear of imminent peril. *State v. Boyd*, 559 S.W.2d 59, 60 (Mo.App. 1977). The indictment charged that the defendant actually exerted force upon the body of one Robert Downey and that she "unlawfully and violently did evil treat Robert Downey." While this indictment could have been more definite the same strictness of pleading is not required in indictments charging misdemeanors as in those charging felonies. *State v. Shell*, 571 S.W.2d 798, 801 (Mo.App. 1978). We find this indictment sufficient to charge every essential element of the offense and to inform the defendant of the burden she was required to meet. *See, State v. Short*, 228 S.W.2d 15, 19 (Mo.App. 1950).

■ The defendant did not challenge the sufficiency of the indictment at any stage of the proceeding below. The question of sufficiency is jurisdictional however and may be raised for the first time on appeal. *State v. Davis*, 510 S.W.2d 791, 792 (Mo. App. 1974). Upon review of the entire record it is clear that the defendant had no doubt as to the exact nature of the charge against her. If the defendant felt that the charge against her was not sufficiently detailed, she should have filed a Rule 24.03 (now Rule 23.04) motion for a bill of particulars. *Holtkamp v. State*, 588 S.W.2d 183, 186 (Mo.App. 1979).

■ Defendant's second point relates to the specific elements of a complete indictment. Supreme Court Rule 24.01 (now

Rule 23.01) requires that an indictment contain the statutory section which proscribes the conduct charged, the section of the statute fixing the penalty therefor and the name and degree, if any, of the offense. The indictment in the present case satisfied these requirements by citing § 559.220, RSMo 1969. That section states that upon conviction the defendant shall be punished by fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding six months or by both such fine and imprisonment. At the time of defendant's conviction there were no degrees of common assault.

Both points are ruled against the defendant.

The judgment is affirmed.

. REINHARD and CRIST, JJ., concur.