**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael Anthony DICUS, and James
Walter Dicus, Jr.,
Co-Defendants-Appellants.**

**No. 51019.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 14, 1987.

David J. Kueter, Steelville, for co-defendants-appellants.

Mark L. Akers, Pros. Atty. Washington County, Potosi, for plaintiff-respondent.

SATZ, Presiding Judge.

Co-defendants, Michael Dicus and James Dicus, Jr., were tried together and convicted by a jury of third degree assault. Michael was sentenced to 30 days and James was sentenced to 45 days. Defendants now bring this consolidated appeal. We affirm.

Defendants were charged in identical informations which read:

> The Prosecuting Attorney of the County of Washington, State of Missouri, charges that the Defendant(s), in violation of Section 565.070, RSMo, committed the Class A misdemeanor of assault in the third degree, punishable upon conviction under Sections 558.011 and 560.016, RSMo, in that on May 21, 1985, in the County of Washington, State of Missouri, the Defendant(s) knowingly caused physical injury to Marvin Robert Britton by striking him with his fists and kicking him.

Defendants were tried jointly, and both were found guilty.[1]

The information charges defendant with "knowingly [causing a] physical injury ... by striking [the victim] with his fists and kicking him". This charge constitutes a second degree assault, a Class C felony. *See* § 565.060 RSMo.1986; *State v. Mace*, 665 S.W.2d 655, 658–659 (Mo.App.1984). However, the information refers to this charge as a "Class A misdemeanor of assault in the third degree", a "violation of § 565.070, RSMo. [1986]" and refers to the punishment statutes for the crime as "§§ 558.011 and 560.016 RSMo. [1986]". Section 565.070 does define assaults which are misdemeanors[2], and the referred to punishment statutes prescribe the punishment for misdemeanors. In short, the information charges defendant with a felony-assault but refers to the charge as if it were a misdemeanor-assault. Defendant contends the information is fatally defective because it omits an essential element of the crime charged. We disagree.

An information serves two basic purposes: to inform the accused of the charges against him so he can prepare his defense; and to bar a subsequent prosecution for the same offense. *State v. Lewis*, 642 S.W.2d 627, 630 (Mo. banc 1982). To adequately inform the defendant, the information must include the essential elements and the particulars of the offense. *Id.; See also, State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1980). An information that fails to allege the essential elements of the crime charged is fatally defective. *E.g. State v. Voyles*, 691 S.W.2d 452, 454 (Mo. App.1985). An information that alleges the essential elements but not the particulars of the offense necessary to the accused's defense is subject to challenge by motion; it is not fatally defective. *Lewis, supra* at 630.

---

1. Since the informations and issues are identical, we will use the singular to refer to the "information" and the "defendant" and related matters.

2. Section 565.070 RSMo 1986 provides:
   *Assault in the Third Degree*
   1. A person commits the crime of assault in the third degree if:
   (1) he attempts to cause or recklessly causes physical injury to another person; or
   (2) with criminal negligence he causes physical injury to another person by means of a deadly weapon; or
   (3) he purposely places another person within apprehension of immediate physical injury; or
   (4) he recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or
   (5) he knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative.
   2. Assault in the third degree is a Class A misdemeanor unless committed under subdivision (3) or (5) of subsection 1 of § 565.070 in which case it is a Class C misdemeanor.

■ The information here sets out the essential elements of assault in the second degree. *State v. Mace, supra,* at 658–659. Therefore, it properly invoked the jurisdiction of the court. In addition, this charge includes the name of the victim and the date of the offense. Therefore, the charge would bar subsequent prosecution on this assault charge and its lesser and included offenses.[3] *See, e.g. Lewis, supra,* at 630.

■ Defendant would be protected from a subsequent prosecution whether he was convicted of second or third degree assault. A conviction of third degree assault would necessarily imply an acquittal of the greater offense of second degree assault. *State v. O'Dell,* 684 S.W.2d 453, 465 (Mo.App. 1984). A conviction of second degree assault would necessarily mean the defendant was also convicted of third degree assault because it is impossible to commit the greater offense without first committing the lesser and included offense. *State v. Seddens,* 624 S.W.2d 470, 473 (Mo.App. 1981). In the latter instance, the Double Jeopardy clause of the fifth amendment protects against a second prosecution for the same offense after conviction. U.S. Const. amend. V; *State v. Thompson,* 610 S.W.2d 629, 634 (Mo.1981).

The issue here is whether the ambiguity created by charging defendant with a felony-assault but referring to it as if it were a misdemeanor-assault prevented defendant from adequately preparing his defense. We think not.

A defendant charged with one offense can be convicted of any lesser and included offense. § 556.046.1 RSMo.1986; *see, e.g. State v. Radford,* 646 S.W.2d 364, 366 (Mo.

App.1982). Third degree assault, a misdemeanor, is a lesser and included offense of second degree assault. *See, e.g. State v. Taylor,* 645 S.W.2d 199, 201 (Mo.App.1982). Thus, in the present case, defendant was not only given notice he was being charged with second degree assault but also he was being charged with the lesser included assault offenses.

■ Moreover, the difference between second degree assault (a felony) caused by physical injury and third degree assault (a misdemeanor) caused by physical injury is the difference in the required mental state of the defendant. The former requires the culpable mental state of "knowingly", § 565.060.1(1), and the latter requires the culpable mental state of "recklessly". § 565.070.1(1). The difference in definition between "knowingly" and "recklessly" is slight. The defendant acts "knowingly" if he is actually aware of his conduct or the attendant circumstances or if he is aware his conduct will cause a certain result. A defendant acts "recklessly" when he disregards "a substantial and unjustifiable risk that circumstances exist or ... a result will follow" and his disregard is "a gross deviation" from the norm of the proverbial reasonable person.[4] Moreover, proof of a mental state is usually made by circumstantial evidence because direct proof is rarely available. *See, e.g. State v. Brown,* 660 S.W.2d 694, 699 (Mo. banc 1983). Consequently, there would be little or no difference for defendant in preparing his defense against either mental state. Furthermore, there is nothing to prevent the state from proving the defendant acted knowingly in a case of third degree assault. A crime with a culpable mental state of reck-

---

**3.** *State v. Badakhsan,* 721 S.W.2d 18 (Mo.App. 1986) appears to have similar facts. In *Badakhsan,* however, we reversed a conviction because an essential element of the crime submitted to the jury was missing from the indictment.

**4.** Recklessly is defined as follows:
A person "acts recklessly" or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise.

Knowingly is defined as follows:
A person "acts knowingly", or with knowledge,
(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or
(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.
§ 562.016.3 and .4, RSMo.1986.

lessness is also established by proof the defendant acted knowingly or purposely. § 562.021.3 RSMo.1986. In short, the imperfections in the information could not prevent defendant from preparing an adequate defense. If necessary, defendant could have cured the ambiguity by a motion for a bill of particulars. *See, e.g. State v. Black*, 618 S.W.2d 466, 469 (Mo App. 1981).

Defendant also contends the information was defective because only the generic term "physical injury" was used and, therefore, defendant argues, he was not properly informed of the particulars of the crime charged. We disagree.

 Generally, it is sufficient for an information to charge the offense in the language of the statute, if the statute sets forth all the constituent elements of the offense. *State v. Kesterson*, 403 S.W.2d 606, 609 (Mo.1966). However, if the statute uses a generic term to define the crime, the charge must still inform the defendant of the crime charged with sufficient particularity to enable him to prepare his defense. *See, e.g. State v. Voyles*, 691 S.W.2d 452, 454–455 (Mo.App.1985).

The element of assault in question here, "physical injury", is defined in the Definition Section of our Criminal Code as "physical pain, illness or any impairment of physical condition". § 556.061(20) RSMo. 1986. One of these definitions would be the most specific definition defendant could properly demand. The difference provided by including such a definition, however, could not significantly change the way defendant would prepare his defense. Moreover, as an evidentiary matter, we have consistently held that striking another with the fist or kicking him satisfies the charge of "physical injury". *See, e.g., State v. Mace*, 665 S.W.2d at 660. Thus, use of the phrase "striking him with the fist and kicking him" in the information gave defendant sufficiently specific notice of the facts he would have to refute. Finally, the approved MACH–CR charges for assault do not include a definition of the term "physical injury". MACH–CR 19.04–84, 19.06.

Again, defendant's remedy was a motion for a bill of particulars. *State v. Holtkamp*, 588 S.W.2d 183, 186 (Mo.App. 1979). His failure to do so waives any right to complain on appeal about lack of factual detail in the information. *E.g. State v. Ridinger*, 589 S.W.2d 110, 113 (Mo.App.1979).

Judgments affirmed.

KELLY, and CRIST, JJ., concur.

