**CITY OF MAPLEWOOD, Missouri, Plaintiff–Respondent,**

v.

**Joseph W. MARTI, Jr., Defendant–Appellant.**

**No. 64801.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1995.

Application to Transfer Denied Feb. 21, 1995.

Arthur G. Muegler, Jr., St. Louis, for appellant.

Michael P. Gunn, Scott C. Trout, Michael P. Gunn. P.C., Ballwin, for respondent.

PUDLOWSKI, Judge.

This is an appeal from a jury verdict and conviction in the St. Louis County Circuit Court against defendant for three municipal ordinance violations: two counts for assault and one for resisting arrest. We affirm because the circuit court had proper jurisdiction over the municipal violations, the summonses sufficiently apprised defendant of the charges against him, evidence adduced at trial was not the fruit of a poisonous tree, and the trial court properly excluded surprise evidence offered by defendant.

Viewing the evidence most favorable to the verdict, defendant was suspected of causing a peace disturbance at a Quik Trip market in the early morning hours of July 3, 1992. He also was a passenger in a Nissan pickup truck suspected of driving erratically and colliding with a Ford Bronco after the incident at the market. Officer Brockmeyer of the Maplewood Police Department, responding to a radio dispatch, pulled behind the Bronco and reported his position. Other patrol cars then arrived at the scene and surrounded the Nissan pickup parked some distance behind the Bronco.

Sgt. Griffin and Officer Martin approached the pickup. Sgt. Griffin asked "What are you guys doing here? We just received a call ... of this vehicle being involved in an auto accident of some type and—and a disturbance. What's going on here?" As the officers approached within six to seven feet, defendant sprang from the passenger compartment shouting vulgarities. He lunged at Sgt. Griffin and shoved him. Defendant complied with an order to turn around, but when Officer Martin attempted to handcuff him, he began to swing his arms. Officer Martin attempted to hold him, and moved him towards a nearby patrol vehicle. Defendant kicked Officer Martin in the groin. Officer Martin wrestled defendant to the ground, and Sgt. Griffin assisted. At that time defendant kicked Sgt. Griffin in the face. Ultimately, defendant was handcuffed and arrested.

The City of Maplewood charged defendant with five city ordinance violations. Defendant filed a written demand for a jury trial with Maplewood's municipal court on July 21, 1992. On August 20, 1992, Maplewood's municipal judge certified the case to the presiding judge of the Circuit Court of the County of St. Louis. Defendant entered a not guilty plea to all charges on November 25, 1992. Defendant was tried by jury on July 22, 1993, and found guilty on three of the five charges—assaulting Sgt. Griffin, assaulting Officer Martin, and resisting arrest. The associate circuit judge then entered a judgment consistent with the jury verdict.

Defendant now brings this appeal, alleging in Point I that the circuit court lacked subject matter jurisdiction to hear his case, Point II that his summons for assaulting Sgt. Griffin was defective, Point III that the instruction for the charge of assaulting Sgt. Griffin was not supported by substantial evidence, Point IV that the instruction for the charge of assaulting Officer Martin was beyond the scope of the pleadings and not supported by substantial evidence, Point V that his summons for resisting arrest was defective, Point VI that all police officer testimony against him was the fruit of an unreasonable seizure, and Point VII that certain photographs of the scene should have been admitted.

### Point I.

■ · Defendant asserts that the circuit court lacked subject matter jurisdiction in this case because it generally lacks jurisdiction over municipal charges. We disagree, because this case was properly certified to the circuit court for a jury trial in accordance with law.

This case involves a timely demand for a jury trial in accordance with Rule 37.61(d), and also falls under the prescripts of section 479.150 RSMo 1986:

In any municipality, whenever a defendant accused of a violation of a municipal ordinance has a right to a trial by jury and demands such trial by jury ... the munici-

pal judge shall certify the case for assignment. . . .

The judge in this case properly certified the case for assignment to the St. Louis County Circuit Court.

Defendant rightly points out that most municipal ordinance violations do not carry a "right to a trial by jury," at an initial proceeding unless provided by law. *City of Independence v. Deffenbaugh Inc.,* 804 S.W.2d 383, 384–85 (Mo.App.W.D.1990); *State ex rel. Cole v. Nigro,* 471 S.W.2d 933, 936 (Mo. banc 1971). This is a separate issue from the right to a jury on appeal *de novo. State ex rel. Estill v. Iannone,* 687 S.W.2d 172, 173 (Mo. banc 1985). Defendant in this case did not request an appeal *de novo,* but rather, he requested an initial jury trial.

The state has authorized initial jury trials for municipal offenses only in limited circumstances. Most notably, section 479.130 RSMo 1986 provides the right to trial by jury for ordinance violations in cities of the third or fourth classes. There is no state statute which authorizes jury trials for constitutionally chartered "home rule" cities, such as the City of Maplewood.

However, there is a Maplewood city ordinance which operates to confer jurisdiction upon the circuit court, via its powers granted under its home rule status. Maplewood, Mo., Code § 20–2(d) (1982) provides: "Any person charged with a violation of the charter or ordinances shall be entitled to a trial by jury, as in prosecutions for misdemeanors before an associate circuit judge." This ordinance copies verbatim the language of § 479.130 RSMo 1986, substituting Maplewood's "charter or ordinances" for "municipal ordinance of a city of the third or fourth class." This language serves to confer upon violators of Maplewood ordinances the right to trial by jury, just as the State has conferred the right to trial by jury upon violators of third and fourth class cities' ordinances. The existence of this extra-statutory right to trial by jury serves to distinguish this case from *Deffenbaugh, supra,* where there was no such ordinance, and therefore, no such right.

 Home rule status grants a city all legislative powers incident to that city's af-

fairs, unless "limited or denied by the constitution, by statute, or by the charter itself." *Yellow Freight Systems v. Mayor's Com'n,* 791 S.W.2d 382, 385 (Mo. banc 1990) quoting *State ex inf. Hannah v. City of St. Charles,* 676 S.W.2d 508, 512 (Mo.1984). The Maplewood trial by jury ordinance is incident to Maplewood's affairs, and is not limited or denied by statute. We do not interpret the legislature's grant of initial jury trials to third and fourth class cities in § 479.130 to also be a statutory denial of that right to other cities. In the absence of a patently conflicting state law, this Court will not interfere with a city's attempt to afford defendants an important right. Therefore, we uphold Maplewood's power to afford initial jury trials for violations of its ordinances. Point denied.

### Point II.

Defendant contends that his summons for the charge of assaulting Sgt. Griffin was defective because it lacked statutory state of mind language that defendant "purposely" caused Sgt. Griffin apprehension, that he "knowingly" caused physical contact, and that he "knew" that Sgt. Griffin would regard the contact as offensive. We disagree.

The summons, as amended, states that at the relevant place and time, defendant "DID UNLAWFULLY Assault Law Enforcement officer by causing physical injury to Sgt. Griffin by kicking him in the right side of the face and placing him in apprehension of further physical injury."

 The summons does not need to mirror the exact statutory language. *Dorris v. State,* 743 S.W.2d 904, 906 (Mo.App.E.D. 1988). Nor does a summons for a city ordinance violation need to meet the strict standards of a felony indictment. *State v. Foster,* 603 S.W.2d 27, 28 (Mo.App.E.D.1980). An omission of a state of mind element is not fatal where, as here, a summons for assault charges that defendant actually and unlawfully exerted force upon another's body. *Id.* Point denied.

### Point III.

Defendant alleges that the jury instruction regarding the assault on Sgt. Griffin was

flawed because it went beyond the issue framed by the summons and because it is unsupported by substantial evidence.

For the same reasons we deem the pleading sufficient to support the charge in the discussion of Point II, *supra*, we deem the pleading sufficient to support the instruction.

The allegation that Sgt. Griffin was kicked in the face is supported by substantial evidence. At trial, Officer Morris testified that "As we were on the ground, he kicked—swung his hands several times. He struck Sgt. Griffin in the face...." Sgt. Griffin himself testified that he was kicked, as the transcript reads, "Q. Now, you claimed you were kicked, right—A. Yes, sir." Evidence of actual physical injury is unnecessary because it may be inferred from the testimony about the physical blow. *State v. Dicus*, 727 S.W.2d 469, 473 (Mo.App.E.D.1987). Direct evidence of the mental states involved in this crime is also unnecessary, as those mental states may be inferred circumstantially from other facts. *Id.* at 472. Point denied.

### Point IV.

Defendant claims that the instruction regarding his assault on Officer Morris was flawed for reasons similar to Point III regarding the assault on Sgt. Griffin. We disagree.

For the reasons given in our discussion of Points II and III, above, failure to include state of mind averments in this type of summons is neither fatal to the summons nor the instruction. The assault on Officer Morris by kicking him in the groin was substantiated by sufficient testimony at trial. Point denied.

### Point V.

Defendant indicates that his summons for resisting arrest was deficient because it failed to include elements of the offense charged. We disagree.

Maplewood, Mo., Code § 22–9 (1982) provides that "(a) It shall be unlawful for any person, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, to: (1) resist the arrest of himself...."

The summons, as amended, reads only that defendant "DID UNLAWFULLY Resisting [sic] Arrest by using physical force in pushing himself away from and trying to flee from Sgt. Griffin and Police Officer Martin."

Defendant contends that the summons failed to allege that he used force *knowing that a law enforcement officer was making an arrest, for the purpose of preventing the officer from effecting the arrest.* However, we believe that the summons fairly charged that there was an arrest, "DID UNLAWFULLY Resisting [sic] Arrest," and that defendant acted with the purpose of preventing that arrest in "pushing himself away" and "trying to flee." Although the summons does not explicitly communicate that defendant committed these acts knowingly, we deem that this state of mind is inferable where defendant is charged with resisting his own arrest by pushing police officers and trying to flee.

### Point VI.

Defendant claims that his conviction was based on evidence obtained as a result of an illegal seizure of his person. Assuming without deciding that the detention of defendant was unreasonable, this would not provide a basis for excluding evidence of his *subsequent* assaults on the officers. The violation of defendant's Fourth Amendment rights does not confer upon him a license to commit new crimes. *U.S. v. Waupekenay*, 973 F.2d 1533, 1536–38 (10th Cir.1992). Point denied.

### Point VII.

Defendant alleges error in the trial court's refusal to admit certain photographs at trial. The city objected on the basis of surprise, in that the photographs were not revealed in its pretrial Request for Disclosure.

We agree with the city that the trial court did not abuse its discretion. Rule 25.05(A)(3) expressly provides that a defendant must disclose all photographs which it intends to introduce at trial. All jury trials of city ordinances must proceed according to the rules of *criminal* procedure. Rule 37.61(e).

Therefore, defendant's citation of the *civil* Rule 56.01(e) is inapposite. Point denied.

Judgment affirmed.

SMITH, P.J., and WHITE, J., concur.