**STATE of Missouri, Respondent,**

v.

**Tommy LEWIS, Appellant.**

**No. 64020.**

Supreme Court of Missouri, En Banc.

Dec. 3, 1982.

Robert M. Gifford, Green City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

HIGGINS, Judge.

Tommy Lewis was convicted by a jury of armed criminal action, section 571.015 RSMo 1978; his punishment was fixed at three years imprisonment. Sentence and judgment were rendered accordingly. In the Court of Appeals, Western District, he claimed the armed criminal action statute does not define an offense independent of the underlying felony, and the information charging defendant was insufficient. The court, *sua sponte,* considered whether there was plain error in failing to instruct the jury on felonious restraint as a lesser included offense. The Western District affirmed the judgment and transferred the case to this Court because of its perceived inconsistency in the cases following *Missouri v. Sours,* 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). Affirmed.

Bill Gonnerman was employed by United Parcel Service. On October 25, 1979, he attempted to deliver a package to defendant's residence. The shipping instructions required that UPS be paid cash for the package before it was delivered. Mr. Gonnerman was unable to deliver the package because defendant's wife could not pay the charges. He returned the next day to deliver the package. Mr. Gonnerman testified

defendant met him in the yard and proclaimed Gonnerman had "cost him seventeen thousand dollars by not leaving the package with his wife..." the day before. Mr. Gonnerman explained his reasons for not delivering the package the previous day; he was then invited into the house to accept payment and deliver the package. The events of the next 45 or 50 minutes are disputed by the parties. Mr. Gonnerman testified he was detained by defendant during that period and was in fear of being shot by Lewis. He stated that after collecting the money, he attempted to leave when Lewis, who was seated at a table with a .357 magnum revolver on his lap, told him not to move. Defendant then instructed Gonnerman to open the package and examine its contents. Meanwhile, defendant placed a phone call to Bosco Roberts and instructed Gonnerman to tell Roberts what was in the package. When Gonnerman again attempted to leave, Lewis said, "Oh, I want to show you the rest of my guns." Gonnerman testified he was shown a total of six weapons. At one point, Lewis unloaded the .357 magnum revolver and handed it to Gonnerman. Afterwards, Gonnerman was allowed to leave. When asked why he had not left earlier he stated, "I was afraid the man would shoot me."

Defendant admitted showing Gonnerman his guns but denied restraining him. He testified Gonnerman had remained voluntarily. This version of the incident was corroborated by defendant's children and a neighbor who were present at the time.

## I.

Appellant charges the information failed to state all the elements of the offense for which he was convicted. The original information charged defendant with felonious restraint in Count I and armed criminal action in Count II. Prior to trial the State filed an amended information which charged armed criminal action alone and dropped Count I on felonious restraint. This action was taken pursuant to the prosecuting attorney's belief that *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1981), *cert.*

*denied,* 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981), required dismissal of one of the charges. Defense counsel objected on his understanding the state had agreed to proceed on Count II alone and not on an amended information which incorporated the elements of felonious restraint as set out in Count I, which had been dismissed. Defense counsel asserted his belief that Count II standing alone did not constitute a crime under the laws of Missouri. At this point the trial court indicated the amended information would be allowed. Nevertheless, the State withdrew the amended information and elected to proceed on the original information with the understanding that the elements of felonious restraint as set out in Count I would be incorporated by reference in Count II on armed criminal action, regardless of the dismissal of Count I.

The trial court instructed the jury as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 26th day of October, 1979, in the County of Schuyler, State of Missouri, the defendant restrained Bill Gonnerman so as to interfere substantially with his liberty, and,

Second, that such restraint was without the consent of Bill Gonnerman by means of forcible compulsion, and

Third, that such restraint exposed Bill Gonnerman to a substantial risk of serious physical injury, and

Fourth, that in engaging in the conduct submitted in this instruction, the defendant acted knowingly, and

Fifth, that the defendant committed the offense submitted to you in the foregoing paragraphs by, with or through the use, assistance or aid of a deadly weapon, then you will find the defendant guilty of armed criminal action.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of armed criminal action, you will assess and declare his punishment at imprisonment by the Division of Corrections for a term fixed by you, but not less than three years or more than life imprisonment.

■ The purpose of an information or indictment is twofold: to inform the accused of charges against him so that he may prepare an adequate defense; and to preclude retrial on the same charges should a jury acquit him. *State v. Jenkins,* 494 S.W.2d 14, 17 (Mo.1973); *State v. Ball,* 432 S.W.2d 265, 266 (Mo.1968). The facts necessary to place the accused on notice and preclude retrial on the same charges are essential when testing the sufficiency of an information. *Hodges v. State,* 462 S.W.2d 786, 789 (Mo.1971). An information which alleges essential facts but fails to set out particulars necessary to the accused's defense is subject to challenge by motion but is not fatally defective. *Id.* at 789; Sup. Ct.R. 23.04.

■ As noted by the Western District, defendant did not seek a bill of particulars. He argued against filing of an amended information which charged armed criminal action and included the elements of felonious restraint; however, he expressly stated he had no objection if the state proceeded on the charge of armed criminal action alone under Count II as originally filed which incorporated by reference the elements of felonious restraint.

Count II of the information thus alleges sufficient facts to place defendant on notice of the charge of armed criminal action for which he was to be tried and would preclude his reprosecution on either that charge or felonious restraint had the jury acquitted him. The charge is incomplete in that it does not name the victim; the name is supplied by the reference to Count I. Defendant's failure to request a bill of particulars pursuant to rule 23.04 precludes his challenge to an imperfect information. *State v. Frankum,* 425 S.W.2d 183, 189 (Mo. 1968).

## II.

Appellant charges armed criminal action, standing alone, is not an offense under the criminal laws of this state. He argues the armed criminal action statute is an enhancement provision which may be invoked only when predicated on conviction of a specific felony.

■ The double jeopardy provision of the fifth amendment precludes conviction for armed criminal action and the underlying felony when they arise out of the same transaction. *State v. Haggard,* 619 S.W.2d 44, 51 (Mo. banc 1981); *Sours,* 603 S.W.2d at 606, *cert. denied,* 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). *Sours* does not preclude conviction of armed criminal action as a separate offense. This Court held in *State ex rel. Westfall v. Ruddy,* 621 S.W.2d 42 (Mo. banc 1981), that the jury should be instructed on both the predicate felony and armed criminal action in the alternative. *Id.* at 45. The court of appeals correctly notes that this holding necessarily recognizes armed criminal action as an offense under the criminal laws of this state.

## III.

The court of appeals, *sua sponte,* considered whether there was error in failing to instruct the jury on felonious restraint as a lesser included offense.

■ The trial court is not required to instruct the jury regarding a lesser included offense unless there is a basis for acquitting of the greater offense and convicting of the lesser. Section 556.046.2 RSMo. In this case, Mr. Gonnerman testified he was afraid he would be shot by the defendant if he attempted to leave. The record reflects that at one point defendant handed Gonnerman an unloaded revolver for his inspection. Appellant argues this is evidence that Gonnerman was restrained without the use of a weapon thereby requiring an instruction on felonious restraint. The record indicates Gonnerman handled the unloaded weapon after several weapons had been displayed, all of which were presumably load-

ed. Handing Gonnerman an unloaded weapon while several others were in defendant's control does not provide evidence of felonious restraint by means other than use of the weapons; therefore, it was not error to instruct on armed criminal action alone.

The court of appeals transferred this case due to its perceived inconsistency in case law regarding whether the underlying felony should be submitted to the jury as a lesser included offense of armed criminal action. The court interpreted language in *State v. Kane*, 629 S.W.2d 372 (Mo. banc 1982), as an indication that the armed criminal action statute is an enhancement statute thereby supporting appellant's argument that armed criminal action as a penalty enhancement statute is not susceptible to independent prosecution.

There is no inconsistency between *Kane* and *Westfall*. The language in *Kane* which speaks of armed criminal action as an enhancement statute does not stand for the proposition that section 571.015 RSMo is an enhancement statute. The purpose of the *Kane* decision was to require reversal of the armed criminal action conviction when rendered with a conviction for the underlying felony "in order to establish uniformity of sentencing in *Sours* type cases. . . ." Pursuant to *Westfall*, the jury should be instructed on both armed criminal action and the underlying felony in the alternative. The fact situation in this case is exceptional, however, in that it permits no alternative charge of the underlying felony because there is no basis for a verdict acquitting the defendant of armed criminal action and convicting him of felonious restraint. *See* § 556.046.2 RSMo.

Affirmed.

DONNELLY, C.J., RENDLEN, SEILER, WELLIVER and GUNN, JJ., and WASSERSTROM, Special Judge, concur.

BILLINGS, J., not participating because not a member of the Court when cause was submitted.