STATE of Missouri, Respondent,

v.

Jerry Dean JONES, Appellant.

No. 45415.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 15, 1983.

Application to Transfer Denied
June 30, 1983.

William Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Clayton, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of armed criminal action, § 571.015, RSMo. 1978. The court sentenced him to sixty years imprisonment as a persistent offender. We affirm.

Defendant was convicted of stealing money from the Del Monte Supermarket in St. Louis County, Missouri by use of a gun directed towards one Mary Smith. Seven witnesses identified defendant as one of the robbers. The evidence indicated defendant was guilty as charged. Defendant's objections are directed to closing argument.

The trial court is granted broad discretion in controlling the scope of closing argument. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982). The lawyers can argue facts and all reasonable inferences therefrom. *State v. Treadway,* 558 S.W.2d 646, 650 (Mo. banc 1977). They cannot argue matters not in evidence. *State v. Murphy,* 592 S.W.2d 727, 732 (Mo. banc 1979).

In Point I, defendant erroneously contends he should have been permitted to discuss the jurors' personal recollections of difficulties in identifying individuals. *State v. Beatty,* 617 S.W.2d 87, 93 (Mo.App.1981). He also erroneously assumes he should have been permitted to read passages of dicta from a United States Supreme Court decision to the jury. *Joiner v. State,* 621 S.W.2d 336, 338–39 (Mo.App.1981).

In Point II, defendant proffers he was prohibited from arguing to the jury there was no evidence linking him to a set of keys found in a brown jacket found near the car used in the robbery. One key was a house key. The other key was to a Ford. Defendant and his wife owned a Ford. Defendant tried on the jacket at trial, and it fit. The prosecutor referred to the keys and jacket several times in closing argument. However, defendant was not prohibited from arguing to the jury there was no evidence linking defendant to the keys. The matter complained of in closing argument is as follows:

MS. PHILLIPS (defense attorney): ... the State could have taken those keys and tried them on the defendant's house. I didn't hear any testimony to that effect, and I submit to you the key could have been tried in the car, and I submit to you the key—

MR. BARRY (prosecutor): Your Honor, excuse me. The State would, if the defense agrees, would for the benefit of the Jury, would like to, with the defendant's permission, try the keys to the defendant's automobile.

THE COURT: You may approach the bench.

The State did not object to defense attorney's closing argument. The State did interrupt with an offer, to which there was no objection. Thereafter, there was a discussion out of the hearing of the jury between the court, the prosecutor, and the defense attorneys. The defense attorney was unwilling to take a chance the keys would fit. The court made no definitive rulings regarding argument about the keys. The defense attorney continued closing argument, and omitted any reference to the keys.

In Point III, the defendant complains about the cumulative effect of the undue reference given to the keys during the trial. Defendant did not object to the admission

of the keys into evidence, and asks for relief under plain error. Rule 29.12(b).

Defendant asserts the existence of the keys was never revealed to him. However, defendant did not object nor make a record as to whether he knew of the existence of the keys. Defendant also submits the testimony, without objection, about the ownership of the Ford was plain error because such testimony was hearsay and no proper foundation was laid. Defendant opines the continued reference to the keys by the prosecutor, without objection by the defense attorney, in closing argument was plain error.

We find no plain error. Prosecutor was properly arguing facts and inferences from the evidence. *State v. Dade,* 629 S.W.2d 418, 420 (Mo.App.1982). The jacket found at the crash scene was identified as having been worn by defendant. The jacket had a Ford key in it. Defendant owned a Ford automobile.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.