STATE of Missouri,
Plaintiff-Respondent,

v.

Ernest F. PARKS, Defendant-Appellant.

STATE of Missouri,
Plaintiff-Respondent,

v.

William R. BARKER,
Defendant-Appellant.

Nos. 13226, 13229.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 1, 1983.

No appearance for plaintiff-respondent.

John A. Sanders, Clinton, for defendants-appellants.

PREWITT, Judge.

Appellants Barker and Parks were charged with pursuing wildlife at night

with the aid of an artificial light in violation of the rules and regulations of the Conservation Commission. § 252.040, RSMo 1978; 3 C.S.R. 10–7.410. The parties stipulated that the charges could be tried together. A jury found both appellants guilty and they were each sentenced to 30 days in jail and fined $75.00. The charges arose out of the same incident, the appellants' defenses were the same at trial and their briefs raise identical points. We consolidated their appeals and discuss their points together.

They assert in their first points that the informations filed against them were invalid because they failed to set forth the essential facts constituting the offense. See Rule 23.01(b)2. The allegations of the offense were the same in both. The informations alleged "that on 11–9–81, at or near LaDue at 10:05 o'clock P.M." within Henry County, Missouri, each appellant "did unlawfully commit the following offense contrary to the statutes of the State of Missouri, Section 252.040 RSMo 1978, and/or the rules and regulations of the Missouri Conservation Commission, Rule 3 C.S.R. 10–7.-410 to wit: pursue wildlife with aid of artificial light at night while in possession of a firearm". Appellants did not request a bill of particulars or otherwise attack the information before trial. See Rule 23.04; Rule 24.04(b).

■ "The purpose of an information or indictment is twofold: to inform the accused of charges against him so that he may prepare an adequate defense; and to preclude retrial on the same charges should a jury acquit him." *State v. Lewis,* 642 S.W.2d 627, 630 (Mo. banc 1982). When testing the sufficiency of an information it is essential that the facts necessary to place the accused on notice and preclude retrial on the same charge be stated. Id. "An information which alleges essential facts but fails to set out particulars necessary to the accused's defense is subject to challenge by motion but is not fatally defective." Id. Tested by these standards the informations were sufficient. They gave appellants notice of what they were charged with sufficiently that they could prepare their defense and could not be retried on the same charge.

Appellants also make several arguments regarding the evidence under this point, but those arguments do not relate to these "Points Relied On" and have no bearing on whether a charge was stated in the information. Appellants' first points are denied.

■ Appellants contend in their second points that there was insufficient evidence to support the charges because there was "no evidence in the cause whatsoever that any wildlife was present in the area"; no evidence that the appellants "saw any wildlife, or shot at any wildlife or otherwise attempted to take wildlife, nor is there any evidence that they were in fact even looking for wildlife."

In determining if the evidence was sufficient to support the charge, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Manning,* 612 S.W.2d 823, 825 (Mo. App.1981).

■ A conservation agent testified that on the night of November 9, 1981, he was working, "primarily looking for spotlighting activity". While parked in a rural area in a state vehicle, he heard shots coming from an easterly direction. He went in that direction and saw a pickup stopped on a bridge. A spotlight was shining from the passenger side of the pickup into a field. The agent observed it for about five minutes, then the pickup started moving slowly, still shining the spotlight. He followed it for approximately a mile and a half. During this time the spotlight was being directed "out of both sides of the vehicle." The agent then turned on his vehicle's red light and the pickup stopped. The occupants remained in the pickup and the agent got out of his vehicle and approached the pickup. In it he saw appellants and a .22 caliber rifle. The rifle was on the seat between the appellants with the barrel pointing down toward the floorboard. There was a

spent shell in the rifle, one in the floorboard of the pickup, and live ammunition in the rifle. The pickup was owned by appellant Barker; he was apparently driving it, and appellant Parks was using the spotlight. The agent testified without objection that appellants "were shining it [the spotlight] out in the fields and using it trying to locate wildlife." Appellants had no wildlife in their possession.

About 10 minutes after appellants were stopped another conservation agent arrived at the scene. He recognized appellant Parks and asked him, "What's going on?" He testified that appellant Parks replied, "Well, we was just hungry. We was out looking for some meat." Appellants testified that they heated their houses with wood. They said that an acquaintance had cut some walnut trees in the area and they were looking to see how wet the ground was to see if they could "cut up some [walnut] tops for wood to burn."

We conclude that the evidence was sufficient to support the conviction. Appellants were not charged with shooting at wildlife, and whether they saw any or any was present, would not prevent them from pursuing wildlife. The manner in which the vehicle was traveling and in which the spotlight was being used, the rifle, and the admission that they were "out looking for some meat", indicates that they were pursuing wildlife. These points are denied.

Defendants contend in their third points that there were errors in the submission instructions. The particular complaint to the instructions briefed here was not contained in the motions for new trial as required by Rule 29.11(d), nor was the instruction set forth in appellants' briefs as required by Rule 30.06(e). Therefore, these points were not preserved for our review. We find no plain error. Rule 30.20.

The judgments are affirmed.

MAUS, P.J., and HOGAN, J., concur.