**Jerry Dean JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51331.**

Missouri Court of Appeals,
Eastern District.
Division Two.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1986.

Jerry Dean Jones, pro se.

William L. Webster, Atty. Gen., John Munson Morris, Timothy W. Anderson, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from the denial of a Rule 27.26 motion. We affirm.

Movant was tried on charges of robbery in the second degree and armed criminal action arising from the robbery of a supermarket. The charges were submitted in the alternative to the jury, and he was convicted of armed criminal action on June 28, 1982. He was sentenced by the court, as a persistent offender, to sixty years' imprisonment. The conviction was affirmed by this court on direct appeal.

*State v. Jones*, 651 S.W.2d 507 (Mo.App. 1983).

This 27.26 motion was filed on December 20, 1983, alleging, *inter alia*, his conviction of armed criminal action was invalid due to the lack of a finding of guilt on the underlying felony. A hearing was held on August 2, 1985, at which the other grounds proffered by movant in the motion were waived. Following the hearing, counsel filed a memorandum in support of the motion. The trial court filed its decision denying the motion on February 5, 1986. Movant appeals.

At the time of movant's trial, one could not be convicted of both armed criminal action and the underlying felony which, in this case, was robbery in the second degree. *See State v. Lewis*, 642 S.W.2d 627, 629–30 [4] (Mo.banc 1982). Armed criminal action was a separate offense from the underlying felony. *Id.* at [5]. It could be tried without a prosecution for the underlying felony, *State v. Helm*, 624 S.W.2d 513, 518 [16] (Mo.App.1981), or, both armed criminal action and the underlying felony could be submitted to the jury in the alternative. *Lewis*, 642 S.W.2d at 630.

 That procedure was followed in this case. Robbery in the second degree and armed criminal action were both submitted to the jury. The armed criminal action instruction required the jury to find all the elements required for a conviction of robbery in the second degree, and was presented in the same words as were used in the robbery instruction. For the jury to convict movant of armed criminal action, they necessarily found movant committed the charged robbery. Movant's contention there was no prior finding of guilt on the robbery is meritless. Therefore, assuming without finding the conduct of counsel on a Rule 27.26 proceeding can be challenged in that proceeding, counsel could not have been ineffective for not pressing the point. *Patrick v. State*, 698 S.W.2d 18, 21 (Mo. App.1985).

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.