STATE of Missouri, Plaintiff–Respondent,

v.

Fred BRASS, III, Defendant–Appellant.

No. 55614.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 19, 1989.

**566**

Lisa K. Clover, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a conviction for sodomy, § 566.060 RSMo 1986. Defendant was convicted and sentenced to seven years imprisonment. We affirm.

The sufficiency of the evidence to convict defendant is not in dispute. Therefore, the evidence is viewed in the light most favorable to the verdict. Defendant was the fourteen year old son of Mr. and Mrs. Fred Brass. In 1982 the victim, at the age of five, was placed in defendant's family as a foster child. In June, 1987, she was removed from appellant's home and placed at the Annie Malone's Children's Home. On October 2, 1987, the victim informed Dorene Bussey, a social worker at Annie Ma-

lone, she had been sexually abused by appellant. The social worker contacted the Department of Family Services. On October 12, 1987, victim was taken to Cardinal Glennon Hospital for a physical examination. A videotaped interview was made on October 12, 1987, by Tish Larock in which she stated defendant had sexually abused her. The sex crime abuse unit was notified by the juvenile court on October 13, 1987, and asked to investigate the victim's claims. The victim told Detective Gary Guins defendant had sexually abused her.

Defendant testified the victim had behavior problems and called his mother as a witness in support of this contention. He also called the victim's brother to testify she had told him she lied about the charges.

Defendant raises three points on appeal. The first point asserts the trial court erred in overruling his objections to the admission of a corrected transcript of a videotaped interview of the victim. The second point addresses the trial court's allowance of the state to use personalization and propensity arguments during closing argument. The third point alleges insufficiency of the indictment based upon the time span covering four years and six months. Defendant contends this time span placed an unjust burden on him to prepare a suitable defense.

In his first point defendant asserts that the trial court erred in overruling his objections to the admission of a corrected transcript of a videotaped interview of the victim. Defendant believes this resulted in fundamental unfairness resulting in violation of his right to due process of law.

■ The defendant states that such a correction of a tape after trial began amounted to surprise. The general rule is that surprise is not grounds for a new trial. *State v. Gatlin*, 539 S.W.2d 731, 733 (Mo. App.1976). Once surprise has occurred, the proper remedy is to request a continuance or postponement. *Id.*

■ In the case at bar defendant never objected to the corrected transcript on the grounds of surprise. The only objection

made was to the changing of a name on the transcript. The defendant failed to preserve the issue of surprise by asking for a continuance of the proceedings. Since defendant's objections at trial were based on a theory of admissibility his claim now alleging surprise fails. Point denied.

The second point defendant raises on appeal contends that the trial court erred in allowing the state to use personalization and propensity arguments during closing argument. Since the remarks of the prosecutor were not objected to at trial, defendant seeks plain error review.

Plain error may be considered on appeal even when not preserved for review, "but only where there is sound, substantial showing that injustice or miscarriage of justice will result if relief is not given." *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc 1986). "Relief should rarely be granted on assertion of plain error to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication." *Id.* Furthermore a failure to object may be part of the trial strategy to "set the stage for built in error." *Id.*

In the case at bar defendant's closing argument refers to the victim as a vindictive, aggressive, malicious liar with behavioral problems. In rebuttal the state, in part, argued the following:

And the law provides that a person who committed the crimes that he did must be punished in the penitentiary. I didn't write the law. You didn't write the law. I don't want him to go to the penitentiary. I want him out of this foster home. *I don't want his penis in another child's mouth. I don't want his brother's penis in another child's behind.* And I don't want one more little girl to have to come in this courtroom and be attacked as a vindictive, malicious liar.

You saw her. That was not a vindictive, malicious liar. That was a little girl with problems, who isn't getting one thing out of this, except removed from a foster home. And finally has a social worker who Mr. Hernandez calls incompetent that she could rust [sic] and tell what happened to her.

If we could forget it and he had never done it and no child were in danger in his presence, then we could go home and feel great. Do you want him back at home with all of those children? Because that's the question here. [Emphasis added].

▇ The trial court is allowed broad discretion in controlling closing arguments. *State v. Jones,* 651 S.W.2d 507, 508 (Mo. App.1983); *State v. Noel,* 693 S.W.2d 317, 318 (Mo.App.1985). State's argument was not personalized because it did not suggest a personal danger to the jurors or their families if the defendant were to be acquitted. *State v. Raspberry,* 452 S.W.2d 169, 172 (Mo.1970). However, it is well established that it is improper for a prosecutor to argue with respect to defendant's criminal proclivities or with respect to the necessity for deterring him from committing further crimes. *State v. Joles,* 755 S.W.2d 622, 624 (Mo.App.1988). "A prosecutor should not speculate concerning future crimes a defendant may commit." *Id.* The two sentences in question do argue with respect to defendant's committing future crimes and the necessity of deterrence of those crimes. Nevertheless, our review here is limited to an examination for *plain error.* We find that the two sentences uttered in the middle of an otherwise proper argument do not constitute a sound, substantial showing of manifest injustice requiring reversal. *State v. Wood, supra.* Point denied.

The third point defendant raises on appeal alleges the trial court plainly erred in failing to find, *sua sponte,* that the indictment was improper for not containing a precise date of the offense charged. This is based on the allegation contained in the indictment stating the offense occurred between December 21, 1982 and June 30, 1987.

▇ Since defendant did not request a bill of particulars pursuant to Supreme Court Rule 23.04 his challenge to an imperfect indictment is precluded. *State v. Lew-*

*is*, 642 S.W.2d 627, 630 (Mo. banc 1982). We will ex gratia review this point under plain error according to Supreme Court Rule 30.20.

An indictment or information which alleges essential facts but fails to set out particulars may be subject to a motion but is not fatally defective. *State v. Lewis*, 642 S.W.2d 627 (Mo. banc 1982). This court has also determined that time is not of the essence in the offense of sodomy. *State v. Moesch*, 738 S.W.2d 585 (Mo.App. 1987). The victim lived in the same house with defendant continually during the period given in the indictment, so alibi or non access was not a viable defense. Therefore, the line of cases following *State v. Armstead*, 283 S.W.2d 577 (Mo.1955) [5] do not apply—the precise time being neither essential nor decisive. *State v. Moesch* at 588. We find no error, plain or otherwise. Point denied.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.