STATE of Missouri,
Plaintiff–Respondent,

v.

Cregg Lowell MATTHEWS,
Defendant–Appellant.

No. 54594.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 5, 1990.

John A. Klosterman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a direct appeal from a conviction for the sale of cocaine and possession of cocaine, § 195.020 RSMo 1986 (repealed 1989), obtained in the Circuit Court of Cape Girardeau County. Defendant was sentenced to twenty-three years imprisonment for sale of cocaine and five years for possession of cocaine, sentences to run concurrently. We affirm.

On August 17, 1987, police conducted a search of a residence located at 1132 North Middle, Cape Girardeau, pursuant to a search warrant. Upon entering the residence police found three occupants in the home including one man who was seen lying on the floor with a shotgun across his chest. The search of the home produced various papers, weapons, scales, ammunition, grenades and a large quantity of cocaine. Many personal papers of the defendant were found in the home, along with a polaroid photograph of him. Most of these personal papers were in the name of Odell Campbell, an alias used by defendant. The police also found three traffic tickets bearing defendant's actual name with the address of 1132 North Middle, Cape Girardeau on them.

Testimony at trial established defendant had used the name Odell Campbell on prior

occasions to rent apartments. An officer who conducted a traffic stop of defendant on August 10, 1987 testified defendant gave his home address as 1132 North Middle. At this stop defendant also produced a Department of Revenue Application for Automobile Registration form used to apply for a driver's license with the State of Missouri. This form also showed 1132 North Middle as his residence address.

The state also offered testimony of two witnesses who stated they had purchased drugs at this address on previous occasions and on those occasions defendant was present at the residence. At the close of state's evidence defendant filed a motion for judgment of acquittal which was denied. He offered no testimony or evidence on his behalf.

■ In his first point on appeal defendant alleges the trial court committed plain error by failing to *sua sponte* control the comments of the prosecuting attorney during closing arguments. He charges these comments improperly personalized the case and impaired the proper functioning of an impartial jury. This resulted in a violation of his rights to a trial by jury and due process of law as guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, § 18(a) of the Missouri Constitution.

Defendant states prosecutor's use of the words "you", "we," "our" and "I" among other statements improperly personalized the argument. A review of the record shows no objections were raised to the prosecutor's comments. Also, no motion for new trial was ever filed. He is asking this court to review this point for plain error.

■ Plain error may only be considered on appeal where there is a sound substantial showing that injustice or a miscarriage of justice will result if relief is not given. *State v. Brass,* 781 S.W.2d 565, 567 (Mo. App.1989). The trial court has broad discretion in controlling closing arguments. *Id.* Relief should rarely be granted in these matters because trial strategy is an important consideration and this failure to object may be part of the trial strategy to

"set the stage for built in error." *Id.* An argument to the jury is not personalized where the prosecutor does not suggest a personal danger to the jurors or their families if the defendant were to be acquitted. *Id.*

A review of the record reveals no impermissible personalization in state's closing argument. The phrases in question do not imply any special knowledge or personal danger to the jurors but rather the representation of the community by the jurors. We find no sound substantial showing that injustice resulted from trial court's failure to interfere with the prosecutor's closing argument. Point denied.

■ In defendant's final point on appeal he charges the trial court erred in denying his motion for judgment of acquittal on Count II, possession of cocaine, because the state failed to prove sufficient evidence of an essential element of the offense. This resulted in a violation of his right to due process of law.

Where sufficiency of the evidence to sustain a conviction is challenged, an appellate court will consider the evidence and all reasonable inferences in the light most favorable to the verdict and will disregard all contrary evidence and inferences. *State v. Guinan,* 665 S.W.2d 325, 327 (Mo. banc 1984), *cert. denied,* 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). It is not our function to weigh the evidence but rather to determine whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982).

■ To sustain this conviction for possession of cocaine the state must show defendant knowingly and intentionally possessed it, and conscious, intentional possession, either actual or constructive, must be established. *Id.* This may be proved by circumstantial evidence. ·*State v. Norwood,* 721 S.W.2d 175, 178 (Mo.App.1986). "Where actual possession is not shown, constructive possession will suffice even where joint control exists, as long as other facts buttress an inference that the defen-

dant had knowledge of the presence of the controlled substance." *Id.*

During the search of the residence police discovered a city sewer tax bill and a utility bill from Union Electric for the residence in the name of Odell Campbell, an alias used by defendant. Witness Pamela Smith testified at trial defendant had used the name Odell Campbell in the past to rent an apartment. Police also discovered three traffic tickets in the residence with defendant's name and the address of the residence searched. This address was listed as his residence. Another witness testified that on several occasions he went to the residence in question to purchase drugs. Many of these times he made the purchase directly from the defendant.

While the evidence does not show defendant had actual possession of the controlled substance, we find sufficient evidence adduced by the state to convince a rational trier of fact that he had knowledge of the presence of the controlled substance. The trial evidence is sufficient to constitute constructive possession. Trial court was not clearly erroneous in denying defendant's judgment of acquittal at the close of state's evidence. Point denied.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.