STATE of Missouri, Respondent,

v.

Jon E. HOLMES, Appellant.

Jon E. HOLMES, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57614, 59540.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 1991.

Lew A. Kollias, Nancy McKerrow, Public Defenders, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Jon E. Holmes, appeals from his conviction after a jury trial, for attempted burglary in the first degree. He was sentenced as a persistent offender to imprisonment for fifteen years. He also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence to support his conviction. Viewed in the light most favorable to the verdict, the evidence shows that during the late morning on September 28, 1987, the victim awoke and saw a black male attempting to pry open the door to her apartment. The victim observed the man for several minutes and believed that he

was about to gain entry. She ran to the kitchen and found a knife. The victim then knocked on the door scaring away the perpetrator before he gained entry.

Later that day, the victim told her neighbors that someone had tried to break in earlier in the day. One neighbor told her that same morning that he had seen two black males outside her apartment, sitting next to three books and a legal pad. The neighbor noticed that the books and legal pad were still there in the afternoon and retrieved them. He then turned the items over to the victim.

The victim contacted the police who came and retrieved the legal pad and the books. On the legal pad was listed the time and place of a job interview. The police contacted the place listed. The manager told the police that defendant was scheduled to interview at the time and place listed on the legal pad.

The police then placed defendant's picture in a photo line-up and showed the pictures to the two neighbors and the victim. The three identified the defendant as the man they saw the morning of the attempted burglary.

After the photo line-up, the police arrested defendant. He was placed in a line-up and identified by the victim and one neighbor. A second neighbor was unable to identify defendant and instead chose a police officer as the perpetrator. Defendant was subsequently tried and convicted of attempted burglary in the first degree.

■ Defendant's first point on appeal is that the trial court erred in admitting the legal pad found outside the victim's home into evidence. Specifically, defendant claims that State failed to establish a proper chain of custody and that the legal pad contained inadmissible hearsay.

■ The chain of custody is irrelevant if the object to be introduced into evidence is properly identified. *State v. Jackson*, 738 S.W.2d 510, 512 (Mo.App.1987). In addition, the identification need not be free from all doubt. *State v. Conway*, 740 S.W.2d 320, 325 (Mo.App.1987). Statements such as "looks like," "looks famil-

iar," etc., are enough to establish identification for admission into evidence. *Id.* It is for the jury to decide the weight to be given to that evidence. *Id.*

Here, the neighbor who retrieved the legal pad testified in the following manner:

Q [I] am going to hand you what's been marked for identification purposes as State's Exhibit 12 and ask if you can identify that for the record?

What is it that I have just handed you?

A A legal pad.

Q Have you ever seen that legal pad before?

A It looks like the one that was underneath the books.

Q Look at the next page on that legal pad.

Can you recognize that second page?

A It looks like something about job interviews.

Q Does that appear to be the legal pad that you saw next to this man who was located about 20 to 25 feet from [victim's] back door on September the 28th?

A It could be. I didn't—like I said, I just seen this there. I remember it. It looks like places where the guy was going to go for interviews, but I don't know if this is it or not.

The statement of the witness that the legal pad shown to him by State "looks like" the one he had seen the morning of the attempted burglary was sufficient to allow its admission into evidence.

■ In addition, the notations on the legal pad were not hearsay. "Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant." *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981). Here, State offered information on the legal pad to explain the police's subsequent conduct, not to prove the existence of the interview. It, therefore, was not hearsay. *State v. Pieron*, 755 S.W.2d 303, 307 (Mo.App.1988). Defendant's point is denied.

■ Defendant's next point contends that the trial court erred in failing to grant

a mistrial for State's failure to comply with Rule 25.03 relating to discovery.[1] Specifically, defendant alleges that State failed to provide a page of the police report until after the victim testified. The missing page stated that the victim was unable to complete a composite drawing of the perpetrator or identify him in the mug books on the day of the attempted burglary. Defendant argues that the missing page would have aided his ability to impeach the identification made by the victim.

In addition, defendant argues that the trial court erred when it sustained State's objection to defendant's inquiry into the reason for the delay in providing the missing page. Defendant attempted to ask a detective who had worked on the case about the missing page. State objected on the grounds of relevancy. The trial court sustained the objection. Defendant argues that the delay in producing the page is relevant to show the bias of the police toward the defendant.

■ First, Rule 25.03(A)(9) requires:

\* \* \* \* \* \*

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

\* \* \* \* \* \*

(9) Any material or information, within the possession or control of the state, which tends to negate the guilt of the defendant as to the offense charged, mitigate the degree of the offense charged, or reduce the punishment.

However, State's failure to provide full discovery is the basis for relief only where prejudice and fundamental unfairness results. *State v. Mitchell*, 622 S.W.2d 791, 798 (Mo.App.1981).

Here, defendant was aware that the victim was not able to give more than a gener-

al description of the perpetrator and that she did not find defendant in the mug books on the day of the attempted burglary. Defendant cross-examined her at length about her inability to give a detailed description of the perpetrator. Defendant also elicited testimony from her relating to her inability to complete a composite picture of defendant with a detective who worked on the case. Finally, the court allowed defendant to interview the victim after receiving the report and she was made available for him to recall as a witness. The information contained in the missing page was extensively explored by defendant during the trial. Any information gleaned from the missing page was merely cumulative. Therefore, no prejudice resulted from State's failure to comply with Rule 25.03, and the denial of defendant's request for mistrial by the trial court was not error.

■ Secondly, the trial court has broad discretion in admitting or denying evidence on the basis of relevance. *Mo. Commercial Inv. v. Employers Mut. Cas. Company*, 680 S.W.2d 397, 402 (Mo.App. 1984). Here, the trial court, after considering the position of both State and defendant, found the evidence regarding the delay not probative of any issue in the case, including bias. We see nothing in the record to indicate abuse of discretion in the trial court's decision. Defendant's point is denied.

Defendant's third point is that the trial court erred in allowing State to shift the burden of proof to defendant. A review of the record shows no merit to this argument. An opinion on this point would serve no jurisprudential purpose. Defendant's point is denied. Rule 30.25(b).

Defendant also appeals the denial of his Rule 29.15 motion following an evidentiary hearing. The judgment of the trial court is based on findings of fact that are not clearly erroneous; no error of law appears. A written opinion would serve no precedential

---

**1.** At trial the defendant asked for a dismissal of charges, or in the alternative a mistrial, or in the alternative, a continuance.

value. Defendant's appeal from the denial of his Rule 29.15 motion is denied. Rule 84.16(b).

Defendant's conviction for attempted burglary in the first degree and the motion court's denial of defendant's Rule 29.15 motion are affirmed.

GRIMM, P.J., and SATZ, J., concur.