**STATE of Missouri, Respondent,**

v.

**Pamela CARTER, Appellant.**

**Nos. WD 50954, WD 52124.**

Missouri Court of Appeals,
Western District.

Feb. 27, 1997.

David L. Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Attorney General Office, Jefferson City, for respondent.

HANNA, Judge.

Pamela Carter was convicted of possession of a controlled substance with intent to distribute, § 195.211, RSMo (1994), and sentenced as a persistent offender, §§ 558.016 and 557.036.4, RSMo (1994), to ten years imprisonment. The single issue on appeal concerns the state's failure to timely produce discovery.

Sufficiency of the evidence is not an issue in this appeal. Briefly, the evidence in the light most favorable to the defendant's conviction shows that the police executed a search warrant on December 13, 1991, at the defendant's residence in Jefferson City where she lived with a person identified as Clarence Lawshea. The possession conviction arises from evidence discovered during the December 13, 1991 search.

The search of the defendant's residence uncovered a substantial amount of crack cocaine and marijuana. The defendant and Lawshea were taken to the police headquarters. While the defendant was interviewed, she told the police that she had loaned Lawshea money for a trip to Illinois to purchase

narcotics and, when he returned, he gave her crack cocaine as reimbursement for the loan. The defendant also told the police that she got a quantity of rock cocaine to sell from a man named Sanders, who said that he would spread the word that she had and would sell the crack cocaine.

The defendant testified on her own behalf and denied that she ever sold drugs while living in Jefferson City, although she admitted that she had sold drugs while she was in Detroit. She admitted that she had been a drug addict at that time. She did admit in her testimony that she has had crack cocaine and marijuana in her Jefferson City house. She denied the other statements which she had made to the police.

On March 29, 1994, the defendant's residence was again searched by police officers and they found more cocaine. On December 20, 1994, the defendant's lawyer filed a motion seeking discovery of the police report concerning the March 29, 1994 search. The report was not provided to defendant.

Trial commenced on January 5, 1995. After opening statements were completed, the prosecutor gave defense counsel the police reports regarding the March 29th search of the house. The reports contained the names of other individuals, including Lawshea. The defense attorney objected to the late discovery and requested a mistrial, which was denied. On appeal, the defendant claims that the trial court erred in denying her motion for mistrial because of the state's belated disclosure of the police report of the March 29th search.

Discovery is designed to permit the defendant an appropriate opportunity to prepare in advance for trial and to avoid surprise. *State v. Mease,* 842 S.W.2d 98, 108 (Mo. banc 1992), *cert. denied,* 508 U.S. 918, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). The standard for reviewing a claim that the defendant was denied meaningful discovery is whether the trial court abused its discretion in such a way as to result in fundamental unfairness. *Id.*; *State v. Shepherd,* 903 S.W.2d 230, 232 (Mo. App.1995). When defense counsel does not have the opportunity to examine the state's

evidence in advance of trial, it must be shown that the outcome of the trial would have been different had the defense attorney been able to prepare to meet the evidence. *State v. Neil,* 869 S.W.2d 734, 738 (Mo. banc 1994).

If the state suppresses evidence which may be favorable to the defendant upon request, it violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the state. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). *Brady* applies where the undisclosed evidence reveals that: (1) the prosecution's case includes perjured testimony; (2) where defense counsel makes a general pretrial request for "all *Brady* material" or anything "exculpatory," and (3) where defense counsel makes a request for specific evidence. *United States v. Agurs,* 427 U.S. 97, 103–07, 96 S.Ct. 2392, 2397–99, 49 L.Ed.2d 342 (1976).

The defendant argues that timely disclosure of the police report: (1) possibly could have assisted him in locating potential defense witness Clarence Lawshea; and (2) "could have led to evidence" which would have shown that the [defendant was not the seller of cocaine at her address] and that the person or persons named in the police report were actually guilty of the offense.[1]

Initially, we observe that there was no request for a continuance which would have allowed counsel the opportunity to investigate the whereabouts of Lawshea. In essence, the defendant is claiming surprise. The proper action should have been to request a short delay to allow time to investigate the contents of the report. The general rule is that surprise is not grounds for a new trial. *State v. Brass,* 781 S.W.2d 565, 566 (Mo.App.1989). When surprise does occur at trial, the proper course of action is a motion for a continuance. *Id.*

■ However, nondisclosure of *Brady* evidence constitutes a constitutional error "only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *United States v. Bagley,* 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985). Evidence will be

---

1. The police report was given to the prosecuting attorney by a police officer over the lunch break on the first day of trial, and as soon as the prosecutor received it, he gave it to defense counsel. Defense counsel made no allegations of bad faith.

material "only if there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Schlup,* 785 S.W.2d 796, 800 (Mo.App.1990)*(citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383. Moreover, the defendant has the burden of showing that the evidence is both material and exculpatory. *Schlup,* 785 S.W.2d at 800; *State v. Bollmann,* 813 S.W.2d 22, 25 (Mo. App.1991).

In *State v. Holmes,* 823 S.W.2d 55 (Mo. App.1991), the state failed to provide a page of a police report which indicated that the victim was unable to complete a composite drawing of the perpetrator of an attempted burglary or to identify the perpetrator in a mug book on the day of the attempt. After the victim testified, the state provided the missing page from the police report. The court held that the defendant failed to show prejudice because the defendant was aware that the victim was not able to give more than a general description of the perpetrator and that she did not find the defendant in the mug books on the day of the attempted burglary. The victim was cross-examined at length about her inability to give a detailed description of the perpetrator. Therefore, the court held that there was no prejudice resulting from the state's failure to comply with the discovery rule. *Id.* at 58.

■ In this case, the defendant has not satisfactorily shown either the materiality or exculpatory nature of the proposed evidence. The fact that Lawshea was present at the defendant's residence several months after the crime in question when crack cocaine was discovered does not undermine the confidence in the outcome of the defendant's trial. Further, the police report in question did not provide any information that would lead to the whereabouts of Lawshea. It is mere speculation that the other individuals at the house could have identified Lawshea's location or had information concerning his whereabouts. The information in the police report did not create a reasonable probability that the result of the proceeding would have been different had the report been discovered earlier. Moreover, the evidence against the defendant, including her incriminating admissions, was overwhelming. *See Neil,* 869 S.W.2d at 738.

This is a consolidated appeal which includes an appeal from the denial of the defendant's Rule 29.15 motion following an evidentiary hearing. The brief has not raised any points of error with respect to the 29.15 ruling and therefore that point has been waived. *State v. Barnard,* 820 S.W.2d 674, 677 (Mo.App.1991).

The judgment of conviction is affirmed. The appeal from the denial of the Rule 29.15 motion is dismissed.

ULRICH, C.J., P.J., and SPINDEN, J., concur.