In the Matter of a Subpoena of the Division of Employment Security, a Division of the Department of Labor and Industrial Relations of the State of Missouri, Served on Paul A. HEIN, Jr., M.D., and calling upon him to approve and produce records pertaining to his payroll.

No. 40241.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 12, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 1979.

Paul A. Hein, Jr., M.D., pro se.

Rufus D. Shannon, Clayton, John Gillespie, Jefferson City, for respondent.

PER CURIAM.

An action to enforce a subpoena duces tecum issued by the Missouri Department of Labor and Industrial Relations, Division of Employment Security, pursuant to Section 288.380(8) RSMo 1969.

The Circuit Court of St. Louis County upheld the validity of the subpoena and ordered appellant to appear before the Division of Employment Security to produce the requested records. Appellant appeals this order.

Appellant, Dr. Paul A. Hein, Jr., is a licensed doctor practicing in Kirkwood, Missouri. Mr. Gene C. Rankin, field auditor of the Missouri Division of Employment Security (hereafter referred to as Division) received an assignment to examine appellant's payroll records from the Division's central office in Jefferson City. He mailed an audit letter to appellant stating he wished to examine appellant's payroll records. Appellant responded to the letter and on February 28, 1977, when Mr. Rankin

appeared at appellant's office, appellant refused to allow his records to be examined.

Under Section 288.090 RSMo Supp.1956, every employer is required to make quarterly contribution and wage reports to the Division unless exempted under Section 288.080 RSMo Supp.1975. Appellant filed his contribution and wage reports for the third and fourth quarter of 1976. In both reports he stated, "No wages paid in dollars, . . . as legally defined." He also wrote that this information was provided involuntarily under threat of statutory punishment. In the third quarter report appellant wrote that he had one "worker", Marian F. Vierheller.

On March 4, 1977, Mr. Rankin again appeared at appellant's office and properly served appellant with a subpoena duces tecum. The subpoena requested that appellant appear at the Division's office in Clayton, Missouri, on March 14, 1977, and bring with him,

"All payroll records and all the books, papers, and memoranda showing wages paid or payable . . . for the period from 1/1/76 to 12/31/76 which said records have been deemed necessary by the Division as evidence in connection with the administration of said Missouri Employment Security law. . . . "

Appellant appeared before the Division but failed to produce the subpoenaed records. On January 9, 1978, the Circuit Court of St. Louis County issued a Show Cause Order, commanding appellant to appear before the Court on February 14, 1978, to show cause why an order to produce the requested records should not be issued against him.

After the hearing, at which appellant represented himself, the Court entered an order requiring him to appear before the Division and produce the subpoenaed records. It is from this order that appellant, pro se, appeals.

Appellant raises two issues on appeal: first, the trial court erred by recognizing that the Division had established a prima facie case, and second, the trial court erred in issuing the order commanding appellant to comply with the subpoena since he has no payroll records and therefore it is impossible for him to comply.

The first issue raised by appellant may be phrased more explicitly as whether the Division, through its agents, abused its investigatory power, in requiring appellant to appear before the Division and produce the subpoenaed records. The Division initially exercised its discretion in determining what information it needed for its investigation. It is this court's rule to determine if this power was abused.

The Missouri Employment Security Act, Title XVIII, Chapter 288, RSMo 1969 sets out the procedures for administering employer contributions to the state's unemployment fund. The Act provides the Division with its own investigatory power, including the power to issue subpoenas. The Division has the statutory authority to,

" . . . issue subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed determination or any other phase of the administration of this law." Section 288.230(1) RSMo 1969.

It was pursuant to this authority that the Division issued its subpoena to appellant. The Division does not have unfettered discretion in issuing subpoenas. It is generally accepted that the courts will enforce a subpoena during an administrative investigation if: 1) the inquiry is within the authority of the agency; 2) the demand is not too indefinite; 3) the information sought is reasonably relevant. *Adams v. F. T. C.*, 296 F.2d 861, 866 (8th Cir. 1961) cert. den. 369 U.S. 864, 82 S.Ct. 1029, 8 L.Ed.2d 83 (1962).

In most cases, the Division relies on the quarterly wage and contribution reports in determining whether employers have incurred contributions. However, in certain cases additional information is required to render such determinations. The Missouri legislature has provided the Division with investigatory powers to obtain this addi-

tional information. When the Division reviewed appellant's third and fourth quarter reports of 1976 and saw that he employed a "worker" who was not receiving any wages, it was put on notice that additional information was needed. The note on appellant's reports, stating that the information was being provided under protest also merited further inquiry by the Division.

The Division was within its investigatory power when it issued the subpoena duces tecum to appellant. The information sought—"payroll records", showing "wages paid",—was not too indefinite, and was clearly relevant and necessary to enable the Division to carry out its legislative purpose. Through the issuance of the subpoena, the Division can obtain the additional information necessary to determine whether or not appellant has incurred any contributions. For the Division to properly administer the Missouri Employment Security Act it must have access to payroll records and where necessary, shall invoke the aid of the courts to compel their production. To allow appellant to refuse to produce the subpoenaed documents would subvert the intent of the Act. In failing to produce the subpoenaed documents appellant violated Section 288.380(4) RSMo 1969. We hold that the Division of Employment Security did not abuse its investigatory power in issuing the subpoena duces tecum to appellant.

Appellant also claims that he neither possesses nor has knowledge of any payroll records and thus is being ordered to do that which is impossible. The existence of appellant's payroll records is a factual issue. Upon our review of the record pursuant to § 536.140 RSMo 1969, we defer to the agency's finding on this point. We hold that a reasonable inference can be drawn that appellant possesses the payroll records subpoenaed by the Division of Employment Security.

The order of the Circuit Court is affirmed.