**DIVISION OF EMPLOYMENT SECURITY, STATE of Missouri, Plaintiff–Respondent,**

v.

**Jeffrey A. FERGER, Defendant–Appellant.**

No. 55922.

Missouri Court of Appeals, Eastern District, Division 4.

Dec. 19, 1989.

Nicholas Barrett Braun, Nancy Orletski, Clayton, for defendant-appellant.

Alan J. Downs, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

On May 24, 1988, Jeffrey Ferger, president of Ferger Design, Inc., appeared before the Division of Employment Security, State of Missouri (the "Division") as a witness at a hearing which involved one of Ferger Design's employees, Michael O'Keefe. At the conclusion of that hearing, John Calcaterra, a field auditor for the Division, served Ferger with a subpoena duces tecum to produce "all the payroll and cash disbursement records and all books, papers and memoranda showing wages paid or payable by [Ferger Design, Inc.] for the period from June 23, 1986 to present." It also requested the production of copies of federal forms 1099 for the years 1986 and 1987. Ferger was required to appear at the Division's St. Louis offices on June 16, 1988 with the requested documents.

Mr. Calcaterra testified that the subpoena was issued pursuant to a Division investigation, separate from the recently concluded investigation regarding Michael O'Keefe, which sought to find out whether other employees of Ferger Design, Inc. were considered "employees" or "independent contractors." According to the subpoena, the investigation was authorized by the Missouri Employment Security Law and was necessary to its administration.

Ferger failed to appear on June 16, 1988. Pursuant to § 288.380.8, RSMo 1986, the Division filed an application for an order to show cause why the subpoena duces tecum should not be enforced. Ferger filed a reply and motion to quash the subpoena.

On July 18, 1988, a hearing was held in St. Louis Circuit Court to determine if an administrative subpoena duces tecum, issued pursuant to § 288.230, RSMo 1986, was enforceable. The trial court held that the Division was authorized by statute to issue such a subpoena, that the subpoena was sufficiently specific and relevant to the subject matter of the investigation, and that § 288.130.3, RSMo 1986 clearly contemplates that an investigation be made prior to any determination. The trial court also made a specific finding that administrative subpoenas, as opposed to administrative searches, do not constitute warrantless searches and seizures in violation of the Fourth Amendment. Ferger appeals from this order; we affirm.

■ In his first point, Ferger argues that the subpoena duces tecum issued by the Division was not enforceable because there is no statutory authority empowering the Division to issue subpoenas during ex parte investigations they are conducting. We disagree.

■ An administrative agency has no inherent authority to issue subpoenas, but it may be given statutory authority to do so. *Brooks v. Pool–Leffler*, 636 S.W.2d 113, 119 (Mo.App.1982). The Missouri Employment Security Act, Title XVIII, Chapter 288, RSMo 1986 is the statutory basis for the Division's power to investigate and issue subpoenas. Section 288.230.1, RSMo 1986, provides:

In the discharge of the duties imposed by this law, the director, the commission, an appeals tribunal, and any duly authorized representative of any of them shall have power to administer oaths and affirmations, take depositions, certify to official acts, and *issue subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary* as evidence in connection with a disputed determination or any other phase of the administration of this law. (Emphasis supplied)

The power of an administrative agency to issue an authorized investigatory subpoena duces tecum has been upheld in Missouri. *In the Matter of Hein*, 584 S.W.2d 631 (Mo.App.1979). There, a field auditor for the Division of Employment Security served a subpoena duces tecum on an employing unit under investigation. This court held that the subpoena was enforceable if the inquiry was within the authority of the agency, the demand was not too indefinite and the information sought was reasonably relevant to the investigation. *Id.* at 632.

The subpoena here meets the three-prong *Hein* test: it is within the Division's authority to issue such a subpoena pursuant to § 288.230.1, RSMo 1986; the information requested was not indefinite; and, it was reasonably relevant to the Division's proper administration of the Missouri Employment Security Act as there was reason to believe that there might be individuals performing services at Ferger Design, Inc., within the meaning of the act, who were not being reported.

We find that the Division properly issued the subpoena as part of its investigatory function, and that the trial court did not err in enforcing it. Point I is denied.

Ferger's second point contends that the subpoena duces tecum should have been quashed because the Division failed to provide Ferger Design, Inc. with notice of its determination of liability pursuant to § 288.130, RSMo 1986. Subsection 3 of this statute requires the Division to "make an ex parte determination after investigation." It would be impossible for the Division to give notice of a determination not yet made. We have already determined, *supra*, that the Division is authorized to issue subpoenas pursuant to its investigatory function, therefore, this point is without merit.

In his final two points, Ferger argues that the subpoena duces tecum was issued in violation of the Fourth Amendment of the United States Constitution because no showing of probable cause was made to an impartial tribunal or to the trial court. Ferger's authority consists of case law pertaining to the unconstitutional search and seizure of premises. Subpoenas duces tecum do involve Fourth Amendment interests and are subject to a test of reasonableness even though they do not require a strict showing of probable cause. *Mid–Fla. Coin Exchange, Inc. v. Griffin*, 529 F.Supp. 1006, 1019 (M.D.Fla.1981). A subpoena duces tecum does not present us with a case of actual search and seizure, only the question of whether an order for the production of specified records has been validly made. *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 195, 66 S.Ct. 494, 498, 90 L.Ed. 614, 622 (1946).

*Oklahoma Press* involved an investigation by the Federal Trade Commission into whether Oklahoma Press was paying minimum wages as required by the Fair Labor Standards Act. It was held that the agency was entitled to obtain payroll records without a prior demonstration of violation. *Oklahoma Press*, 327 U.S. at 214, 66 S.Ct. at 508, 90 L.Ed. at 632. The Court further held that the Fourth Amendment, at most, "guards against abuse only by way of too much indefiniteness ... if also the inquiry is one the demanding agency is authorized by law to make and the materials specified are relevant." *Id.*, 327 U.S. at 208, 66 S.Ct. at 505, 90 L.Ed. at 629.

This is the same test for reasonableness discussed *supra*. We have already determined the subpoena duces tecum herein is reasonable pursuant to this test. Section 288.230, RSMo 1986 and the legal principles expounded in *Oklahoma Press*, both support the proposition that the Division or any duly authorized representative may issue a subpoena duces tecum during purely investigatory proceedings. Further discussion is, therefore, unnecessary. Points III and IV are denied.

The judgment of the trial court is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.