STATE of Missouri, Plaintiff–Respondent,

v.

Darryl L. MATHENY, Defendant–Appellant.

No. 62723.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 31, 1993.

Judith C. LaRose, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Darryl Matheny, appeals from the judgment of conviction, after a jury trial, of kidnapping. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence discloses that sometime after 2 p.m. on July 15, 1991, Richard Robinson went to defendant's house and asked him to accompany Robinson to "take care of something." Robinson was scheduled to appear in court on July 18, 1991, on charges of kidnapping, rape, armed criminal action, and first degree assault.

The victim of these crimes was Yvette Phillips. On July 13, 1991, Robinson had told Yvette Phillips' family that Yvette would "no longer walk the streets" if he couldn't be with his family as a result of incarceration.

Defendant used his automobile to drive Robinson to the apartment complex in which Yvette Phillips (the victim) lived. Upon arrival, defendant stopped his vehicle, lifted its hood, and proceeded to look at the engine. Robinson went to the victim's apartment. Outside of the apartment building, Robinson argued with her, struck her, and knocked her to the ground. Defendant then grabbed her legs and helped Robinson carry her to the automobile and forced her into the back seat. As defendant drove away, Robinson and the victim continued to struggle. Defendant drove them about five miles to the Halls Ferry Circle, where they got out of his vehicle. Blood stains were subsequently found in defendant's car. The victim has not been seen since the incident.

Defendant did not testify at trial. His defense was that although he drove Robinson, he did not actually participate in abducting the victim. The jury found defendant guilty of kidnapping and the court sentenced him to imprisonment for twenty years.

■ Defendant first contends that the trial court erred in admitting into evidence Robinson's court file which showed that he was to appear in court on July 18, 1991, on the prior charges of raping, kidnapping, and assaulting the victim. Defendant argues that evidence of the previous charges against Robinson was not relevant to the present case against him because defendant had not been charged with those prior crimes; and the evidence was prejudicial to him in that it demonstrated guilt by association.

■ A trial court is vested with broad discretion in ruling on questions of relevancy; and, absent a clear showing of an abuse of that discretion, the appellate court should not interfere with the trial court's ruling. *State v. Ramsey,* 820 S.W.2d 663, 667 (Mo.App. 1991). Evidence is relevant if it tends to prove or disprove a fact in issue or if it corroborates other relevant evidence bearing on the main issue. *Id.*

In the instant action, defendant was charged with kidnapping "for the purpose of interfering with the performance of a governmental function, to wit: the prosecution of Richard Robinson for rape and kidnapping." Robinson's court file was admissible to establish that the purpose of the kidnapping on July 15th was to prevent the victim from testifying against Robinson at the scheduled court hearing on July 18th. Clearly, evidence that Robinson was prosecuted for prior crimes against the victim was relevant to prove the present charge against defendant and was therefore admissible. The trial court did not err in admitting such evidence. Defendant's first point is denied.

In his second point, defendant alleges that the trial court erred in overruling his challenge for cause of a venireperson who was the Chief Deputy Juvenile Officer for St. Louis County. He used one of his peremptory challenges to strike her from the jury panel.

A criminal defendant is entitled to a full panel of qualified jurors before he is required to expend his peremptory challenges; and denial of a legitimate request to excuse for cause a prejudiced venireperson constitutes reversible error. *State v. Wheat,* 775 S.W.2d 155, 158 (Mo. banc 1989), *cert. denied,* 493 U.S. 1030, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990). Determination of a potential juror's qualifications remains within the broad discretion of the trial court after consideration of relevant portions of the voir dire in its entirety. *Id.* The trial court's duty to make an independent inquiry arises only when a venireperson equivocates about his ability to be fair and impartial. *Id.* An appellate court will not disturb a ruling on a challenge for cause unless it constitutes a clear abuse of discretion and results in a real probability of harm to the defendant. *Id.*

The record in the present case demonstrates that the challenged venireperson's responses to questioning demonstrates no equivocation. She stated that she would be a fair and impartial juror and that her work would not cause her to be biased against either side. Her responses created no need for the court to initiate an independent inquiry, as defendant suggests. The trial court did not err in overruling defendant's challenge to the venireperson in question. Point two is denied.

In his final point, defendant asserts that the trial court erred in giving an instruction to the jury patterned after MAI–CR3d 302.-04, defining "reasonable doubt." Missouri courts have repeatedly upheld that instruction as proper. *See, e.g., State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Defendant's third point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.