STATE of Missouri, Respondent,

v.

Marvin SHEPHERD, Appellant.

No. 65471.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 18, 1995.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 15, 1995.

Vicki A. Dempsey, Dempsey, Dempsey & Riggs, P.C., Hannibal, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury found Marvin Shepherd guilty of one count of possession of a controlled substance, § 195.202 RSMo1994, and one count of receiving stolen property, § 570.080 RSMo1994. He was sentenced to concurrent fourteen year terms. He presents two points on appeal. We affirm.

Shepherd does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, is as follows. During the weekend of January 29, 30 and 31, 1993, Darryl Kolarik and his wife went out of town. Their daughter had a three-day party while they were away. When they returned, Mr. Kolarik found several items, including various coins, missing from his home. He testified the value of the coins was at least $500.

On February 18, 1993, Mike Lawzano, James Shinn and Jeff Kilian, police officers with the Hannibal Police Department, and Gary Grubb of the Ralls County Sheriff's Department, went to Shepherd's home to execute a search warrant. They arrested him and seized a white-handled, switchblade knife that he had on his person. They also seized a shoebox full of coins and a bottle containing various types of pills.

Burwell Driver, an FBI fingerprint specialist, testified two latent prints taken from the shoebox belonged to Shepherd. Everett Markway, a chemist with the Missouri State Highway Patrol Lab, testified the various pills in the bottle were diazepam, lorazepam and a non-controlled substance.

The state recalled Kolarik and showed him the white-handled, switchblade knife the officers found on Shepherd's person. Kolarik testified the knife was identical to one that was stolen from his home the weekend he was out of town.

■ Shepherd's first point is the trial court abused its discretion in excluding testimony of Andrea Kolarik, Herbert Rodgers and Donna Arch on the basis of relevancy because their testimony would have established that three other people, Travis Patrick, Tony Shepherd and John Shepherd, had the opportunity to commit the crime of receiving stolen property.

■ Trial courts are vested with broad discretion in ruling on questions of relevancy, and appellate courts should not interfere with a trial court's ruling absent a clear abuse of that discretion. *State v. Matheny*, 860 S.W.2d 837, 838 (Mo.App.E.D.1993). Evidence is relevant if it tends to prove or disprove a fact in issue or if it corroborates other relevant evidence bearing on the main issue. *Id.*

Defendant made three offers of proof regarding the excluded testimony of Andrea Kolarik, Donna Arch and Herbert Rodgers. Andrea Kolarik would have testified she had a party at her parents' home the last weekend of January and that Tony Shepherd, John Shepherd and Travis Patrick were at the party. Donna Arch would have testified defendant was her uncle and that she had been to his home at some time prior to his arrest on February 18, 1993. She would have said others had been in his home when she went there, defendant was not home often, he did not lock his door, and he was a bad housekeeper. Herbert Rodgers would have testified he had been to defendant's home five or six times, defendant did not lock his door, he had seen Tony Shepherd there about a week prior to defendant's arrest, and that others lived in the house at some time prior to February 1993.

■ Apparently, through the testimony of these three witnesses, defendant was hoping to show that Travis Patrick, John Shepherd and Tony Shepherd were at the Kolarik party where they stole various items and then, unbeknownst to defendant, left the items in his unlocked, unkept house. Evidence that another person had an opportunity or motive for committing the crime for which the defendant is being tried is not admissible without proof that such other person committed some act directly connecting him with the crime. *State v. Schaal*, 806 S.W.2d 659, 669 (Mo. banc 1991), *cert. denied*, 502 U.S. 1075, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). Evidence that has no other effect than to cast bare suspicion on another is not admissible. *Id.* The testimony of Andrea Kolarik, Donna Arch and Herbert Rodgers would not have provided defendant with a defense where it was not supported by evidence that someone other than defendant took advantage of the opportunity to commit the charged crime. The evidence would have merely cast suspicion on Travis Patrick, John Shepherd and Tony Shepherd. There was no evidence they committed some act directly connecting them with receiving stolen property. Point denied.

■ Shepherd's second point is the trial court abused its discretion in denying a mistrial after the testimony of Darryl Kolarik on recall regarding the identification of a knife. He contends this testimony resulted in fundamental unfairness and prejudice to him and that the state had a continuing duty under Rule 25.03 to disclose new statements made by a witness.

■ A motion for mistrial lies within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *State v. Williams*, 853 S.W.2d 371, 376 (Mo.App.E.D.1993). Mistrials are drastic remedies to be used only when prejudice to the defendant can be removed in no other way. *Id.*

■ Rule 25.03 requires the disclosure of the names of witnesses, together with their written or recorded statements. Rule 25.03(A)(1). The purpose of discovery is to permit the defendant a decent opportunity to prepare in advance for trial and to avoid surprise. *State v. Mease*, 842 S.W.2d 98, 108 (Mo. banc 1992), *cert. denied*, — U.S. —, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). The focus of a denial of discovery is whether there is a reasonable likelihood the denial affected the result of the trial. *Id.* The standard for reviewing a claim that defendant was denied meaningful discovery is whether the trial court abused its discretion in such a way as to result in fundamental unfairness. *Id.*

At trial, the state recalled Darryl Kolarik. The state asked him if he could identify state's exhibit No. 17. Kolarik testified it was the same knife that was stolen from his home the weekend of January 29, 30, and 31, 1993. Defendant did not object to this testimony. During cross-examination, defendant and the state approached the bench, and the following exchange occurred:

(Prosecutor): Your Honor, the State—to speed it up, the State will stipulate that I didn't know about this until—

(Defense counsel): I'm completely surprised.

(Prosecutor): —moments ago.

(Defense counsel): There was no—no discovery provided by the State. I'm unfairly prejudiced by this development.

(Prosecutor): If I may, Your Honor, every statement was provided to defense counsel, as well as defense counsel was given the opportunity to view this exhibit, whatever number it is, the switchblade knife in question. We'll advise that Mr. Kolarik didn't know that there was a switchblade involved until this afternoon, hearing other officers and sitting with the other witnesses, and they talked about (inaudible)— switchblade came into evidence.

He said, "A switchblade? I had a switchblade stolen." During this last recess, I showed him the switchblade. And he said, "That's mine."

So this is the first I've heard about it as well. But he—As far as discovery, everything was turned over to defense counsel. There's no discovery breach here.

(Defense counsel): Judge, I want—

(Prosecutor): He could have taken this man's deposition.

(Defense counsel): I want—

(The court): His wasn't taken?

(Prosecutor): No, it was not.

(Defense counsel): There was no indicator—That was no indication whatsoever in the police files that this—that this item was—that this was taken in this burglary. There was no—no reason to depose this client about this stuff.

(Prosecutor): If I may, Your Honor, the preliminary hearing testimony and his testimony here again today, he had a bunch of stuff stolen, and he cannot itemize everything off. The State will—It's my understanding that burglary reports in Ralls County do not specifically say a switchblade. They do say knives—

(Defense counsel): Your Honor, I—

(Prosecutor): —that he had knives stolen.

(Defense counsel): I'm going to move for a mistrial. I was unfairly surprised, unfairly prejudiced. This information was not— This information was not supplied in a timely fashion by the State. Obviously, we haven't had any time to prepare to meet this.

(The court): Do you want to make a record on—Be heard on his motion?

(Prosecutor): Yes, Your Honor. Everything that in the rules—I—There is no rule he can cite that says I was supposed to disclose something that hasn't been disclosed. The rule requires every statement. Every statement was given. This exhibit, the defense counsel knew it would be an exhibit; and he was given the opportunity to look at it. I met him at the Hannibal Police Department on Monday, if remember right—

(Defense counsel): That's correct.

(Prosecutor): —to look at all the exhibits. There's—There's no—There's no basis for a mistrial.

(The court): All right. The motion is overruled and denied, motion for mistrial.

The state properly disclosed witness Kolarik and written and oral statements he made prior to trial. It also gave defendant an opportunity to look at all the exhibits, including the knife, before trial. The state did not know Kolarik had a switchblade knife stolen until Kolarik mentioned it during the trial. No breach of discovery duty occurred. Defendant has not shown prejudice by Kolarik's testimony regarding the identification of the knife attributable to the only objection— surprise. The trial court did not err in denying defendant's motion for a mistrial, and no other relief was requested. Point denied.

The judgment is affirmed.

SIMON, P.J., and DOWD, J., concur.