Paul Michael MORGAN,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Defendant/Appellant.

No. 68963.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
James A. Chenault, III, Sp. Asst. Atty. Gen.,
Mo. Dept. of Revenue, Jefferson City, for
appellant.

Philip T. Ayers, Hazelwood, for respondent.

Before REINHARD, P.J., and KAROHL
and GRIMM, JJ.

PER CURIAM.

Paul Michael Morgan's driver's license was
suspended by the Director of Revenue pursuant to § 302.500, RSMo 1994. Following an
administrative hearing, he filed a petition for
review in circuit court.

The circuit court administratively assigned
the petition to a traffic commissioner "for
hearing, findings and recommendations."
The traffic commissioner found that Morgan's driving privileges should be reinstated.
The Director appeals.

Director contends the holding in *State ex
rel. Coyle v. O'Toole,* 914 S.W.2d 871 (Mo.
App.E.D.1996) is controlling. Morgan's
counsel agrees, writing that director "is
clearly correct."

We remand to the circuit court for an
associate circuit court judge or a circuit court
judge to conduct a hearing.

Marvin SHEPHERD, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 69525.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1996.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson
City, for respondent.

Before KAROHL, P.J., and GRIMM and
DOWD, JJ.

PER CURIAM.

A jury convicted movant of possession of a
controlled substance and receiving stolen
property. The trial court sentenced him to
concurrent fourteen year terms. In an opinion handed down on July 18, 1995, this court
affirmed. *State v. Shepherd,* 903 S.W.2d 230
(Mo.App.E.D.1995).

Movant did not file his pro se Rule 29.15
motion until August 28, 1995, six weeks after
the direct appeal opinion. When a direct
appeal is taken, Rule 29.15(b) requires the
motion to be filed "within thirty days after
the filing of the transcript" in the direct
appeal.

The motion court dismissed movant's Rule
29.15 motion as untimely filed. *Day v. State,*
770 S.W.2d 692 (Mo. banc 1989). No error of
law appears.

An opinion would have no precedential value. The motion court's judgment is affirmed.