Charles JACKSON, Director
Department of Public
Safety, Appellant,

v.

Fred MILLS, Chief Independence
Police Department,
Respondent.

No. WD 63183.

Missouri Court of Appeals,
Western District.

Sept. 7, 2004.

Theodore A. Bruce, Jefferson City, for Appellant.

Bernard A. Garner, Independence, Steven E. Mauer, Michelle M. Clark, Co-Counsels, Kansas City, for Respondent.

Before HARDWICK, P.J., SPINDEN and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

Charles Jackson, the Director of the Missouri Department of Public Safety (Director), appeals the circuit court's denial of his motion to enforce an administrative subpoena seeking production of an internal affairs investigation file from the Independence Police Department. We affirm, finding no misapplication of law or abuse of the circuit court's discretion in determining the relevancy of the documents sought.

## FACTUAL AND PROCEDURAL HISTORY

On September 15, 2002, Timothy Kamer was terminated from his employment as an officer of the Independence Police Department, following his arrest for unlawfully attempting to sell anabolic steroids. Kamer pled guilty to a federal felony drug charge on November 18, 2002. The police department reported the employment termination and conviction to the Director of the Department of Public Safety, who is responsible under Chapter 590 [1] for licensing and disciplining law enforcement officers.

State law authorized the Director to immediately suspend Kamer's law enforcement license as a result of the officer's felony conviction. § 590.090.1(1). No such immediate action was taken, but the Director issued an administrative subpoena, pursuant to § 590.110.1, requesting the Chief of the Independence Police Department to produce the following documents:

Any and all investigative reports, complaints, statements, personnel records, internal disciplinary documents and any additional information pertaining to the investigation of Mr. Timothy M. Kramer (sic) for the distribution of anabolic steroids.

The Chief responded to the subpoena by producing copies of relevant correspondence, a news release, police department forms referencing Kamer's employment

---

**1.** All statutory citations are to the Revised Statutes of Missouri, Cumulative Supplement 2003, unless otherwise indicated.

termination, and the felony plea agreement. He declined to release the internal affairs file on grounds of confidentiality and relevance. The Chief expressed concern that disclosure of confidential communications in the file would compromise the department's ability to conduct future internal investigations of police misconduct. The Chief further reasoned that, in light of Kamer's guilty plea, the Director had sufficient grounds to immediately suspend or permanently revoke the officer's license regardless of any additional information in the internal affairs file. If more information was necessary, the Chief advised that the Johnson County Drug Task Force had non-confidential file documents regarding its own criminal investigation that led to Kamer's arrest and conviction.

Upon reaching an impasse, the Director filed a motion to compel in the Circuit Court of Cole County, seeking enforcement of the administrative subpoena. The Director argued, at the show cause hearing, that the internal affairs file documents were necessary for a thorough investigation of the grounds for disciplinary action against Kamer's license. Citing Section 590.110.1,[2] the Director asserted he was entitled to subpoena production of any material he deemed relevant to the disciplinary investigation. The Director acknowledged that no petition for disciplinary action had been filed, nor had there been any inquiry into whether Kamer would contest the revocation of his license.

The court offered to conduct an *in camera* review of the file documents to resolve the impasse. The Director and the Chief

declined that option in favor of a decision on the merits.

In ruling on the motion to compel, the court weighed the Director's claim of relevance against the police department's interest in protecting the confidentiality of internal affairs investigations. The court concluded it would be premature to require the production of confidential documents in the absence of any dispute that there was cause to discipline Kamer:

> This court is inclined to give great deference to the Director's judgment as to what information is deemed relevant to an investigation. However, in weighing the police department's interest in maintaining the confidentiality of the internal affairs file, the Court is not inclined to enforce the subpoena at this early state of the proceedings where there has been no showing of a dispute for which the information may be needed. For the foregoing reasons, the Court denies the Director's Motion to Compel.

The Director appeals from the denial of the motion to compel.

### ISSUE ON APPEAL

In his sole point on appeal, the Director contends the circuit court misapplied the law in refusing to enforce the administrative subpoena. Section 590.110.1 grants the Director authority to "investigate any cause for the discipline of any license" and, in the course of that investigation, to subpoena production of any "documents, records or evidence the director deems relevant." Based on this statutory language, the Director argues the court improperly restricted his investigative authority by

---

2. Section 590.110.1 provides in relevant part: The director may investigate any cause for discipline of any license or denial of any application pursuant to this chapter. During the course of such investigation, the director shall have the power to inspect any training center, require by subpoena the attendance and sworn deposition of any witness and the production of any documents, records, or evidence that the director deems relevant.

weighing the confidentiality of the internal affairs file documents against his assertion of relevancy.

■ Upon review of a circuit court's decision regarding enforcement of an administrative subpoena, we must affirm the decision unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Angoff v. M & M Mgmt. Corp.*, 897 S.W.2d 649, 656–57 (Mo.App. 1995). Where a misapplication of law is asserted, our review is *de novo*. *State v. Ruch*, 926 S.W.2d 937, 938 (Mo.App.1996).

## ANALYSIS OF APPLICABLE LAW

The Director correctly argues that he has authority to subpoena any documents he "deems relevant" to a disciplinary investigation under Section 590.110. However, the statute also provides that this administrative subpoena power is subject to enforcement only by the circuit court. § 590.110.2. The availability of judicial review indicates the Director does not have unfettered discretion in determining relevancy under Section 590.110.1. *State Bd. of Registration for the Healing Arts v. Vandivort*, 23 S.W.3d 725, 728 (Mo.App. 2000) (applying similar judicial review provisions under Section 334.127.2). By requiring circuit court enforcement, the legislature has recognized the potential for misuse of the subpoena process by state agency officials who do not have legal training and "do not necessarily understand the distinctions which should be made concerning which documents are properly subject to subpoena." *Id.*

■ Generally, courts will enforce a subpoena during an administrative investigation if: (1) the inquiry is within the authority of the agency; (2) the demand is not too indefinite; and (3) the information sought is reasonably relevant. *Angoff*, 897 S.W.2d at 652. The third element, which is at issue here, required the court to consider whether the subpoenaed documents were reasonably relevant to the ability of the Director to carry out his legislative purpose. *Id.* at 655.

■ Under Missouri law, relevance has two aspects: logical relevance and legal relevance. *State v. Kennedy*, 107 S.W.3d 306, 311 (Mo.App.2003).[3] Evidence is logically relevant if it tends to make the existence of a material fact more or less probable. *Id.* This is a very low standard that is easily met. *State v. Sladek*, 835 S.W.2d 308, 314 (Mo. banc 1992). The Director established the logical relevance of the internal affairs file by arguing that the documents would tend to establish whether there was cause to discipline Kamer. Documents that are logically related to the disciplinary investigation must also meet the standard of legal relevance. *Kennedy*, 107 S.W.3d at 311. This refers to the process of weighing the probative value of the evidence against the dangers to the opposing party of unfair prejudice, confusion of the issues, undue delay, waste of time, cumulativeness, or violations of confidentiality. *Id.* Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.*

■ The Director argued logical relevance to the circuit court but failed to rebut the Chief's contention that the inter-

---

**3.** While *Kennedy* (and other cases cited therein) discusses relevance in the context of the admissibility of evidence at trial, we believe the analysis is equally applicable here. The two-part relevance test is also effectively applied to pretrial proceedings under Mo. R. Civ. P. 56.01, which allows the court to enforce discovery requests after weighing relevancy against claims of privilege, annoyance, embarrassment, oppression, and undue burden or expense.

nal affairs file documents were not legally relevant to the early stages of the disciplinary investigation. In response to the subpoena, the Chief produced the plea agreement and other documents indicating the Director had immediate authority to suspend Kamer's license. The Chief sought to protect the internal affairs file from disclosure because witnesses are generally promised confidentiality during investigations of police misconduct. The Chief advised the Director that similar non-confidential documents could be obtained from the Johnson County Drug Task Force, which investigated the allegations of Kamer's criminal conduct. The Director failed to show any immediate need for the confidential documents or that the information could not be obtained from other public sources. The Director admitted that he had not contacted the Johnson County Drug Task Force or made any effort to determine whether Kamer would dispute that there was cause to discipline his license.

The circuit court did not erroneously apply the law in considering both the logical and legal relevance of the documents sought by the Director. By statutory authority of judicial review, the court was entitled to weigh the probative value of the confidential file in determining whether it was reasonably relevant to the Director's ability to take disciplinary action against Kamer. The circuit court has broad discretion in ruling on questions of relevancy, and we will not interfere where no abuse of discretion has been shown. *State v. Shepherd,* 903 S.W.2d 230, 232 (Mo.App.1995).

The court's decision to deny enforcement is fully supported by the record. The Director not only failed to show an immediate need for the internal affairs file, but he also refused the court's offer to review the confidential documents *in cam-*

*era* to determine their reasonable relevance. This refusal is perplexing, at best, as it appears the Director had nothing to lose from disclosure of the documents to the court. The court also left open the possibility that the Director could re-file the enforcement motion if Kamer opposed any disciplinary action or if the investigative documents were unavailable from other sources. Under the circumstances, we find no abuse of discretion and affirm the denial of the motion to compel.

All concur.