

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| MISSOURI ETHICS COMMISSION, | ) | No. ED103968 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 15SL-CC04008 |
| | ) | |
| YOLONDA FOUNTAIN-HENDERSON, | ) | Honorable Michael D. Burton |
| | ) | |
| Respondent. | ) | FILED:  October 25, 2016 |

### OPINION

The Missouri Ethics Commission ("the Commission") appeals the circuit court's order

and judgment denying the Commission's application for the enforcement of a subpoena *duces*

*tecum* issued to Yolonda Fountain-Henderson (Respondent). We reverse and remand.

### Factual and Procedural Background

In April 2015, Respondent was elected mayor of Jennings, a small Missouri

municipality.[1] The Commission, which is responsible for administering Missouri's campaign

finance disclosure laws, see Section 105.957.1(3)[2]; Geier v. Mo. Ethics Comm'n, 474 S.W.3d

---

[1] We mention the municipality's size because Missouri's campaign finance statutes delineate between cities with a population of more than one hundred thousand, Section 130.016.1, and those of one hundred thousand or less, Section 130.016.7. It is undisputed that the municipality of which Respondent was elected mayor has a population under one hundred thousand.

[2] Amendments passed in 2010 to Sections 105.957, 105.959, 105.961, 130.011 and 130.041 were held violative of the "original purpose provision" of article III, section 21 of the Missouri

560, 562–63 (Mo. banc 2015), received a citizen complaint regarding the mayoral election in September 2015. The complaint alleged that Respondent was required to file a committee disclosure report and financial summary for the campaign, but that Respondent failed to do so.

The Commission initiated an investigation and issued a subpoena *duces tecum* to Respondent to provide "[a]ll documents related to the April 2015 [municipal] Mayoral race," including bank statements, cancelled checks, debits and credits associated with [Respondent's] campaign's account, receipts for campaign expenditures, and records for all monetary and in-kind contributions. Respondent produced no documents. The Commission filed an application to enforce the subpoena.

The circuit court ordered Respondent to show cause why the subpoena should not be enforced. Respondent filed a brief in opposition, arguing, *inter alia*, that the Commission lacked authority to issue the subpoena. After a hearing on the matter, the circuit court ruled in a one-page, handwritten order:

> Respondents not required to produce records in response to the subpoena. Citizen complaint . . . did not allege sufficient facts showing that [Respondent] received over $325 in contributions from a single contributor, more than $11,000 from all contributors, or $1,000 in expenditures. Petitioner's application for enforcement of subpoena *duces tecum* denied.

The Commission filed a motion to reconsider and / or amend the judgment. The circuit court summarily denied that motion. This timely appeal followed.[3]

### Standard of Review

---

Constitution in Legends Bank v. State, 361 S.W.3d 383 (Mo. banc 2012). We accordingly refer to the versions of those sections found in RSMo 2000. See Impey v. Mo. Ethics Comm'n, 442 S.W.3d 42, 42 n. 1 (Mo. banc 2014); Section 3.066. References to Section 130.016 are to RSMo Supp. 2012. Unless otherwise indicated, all other statutory references are to RSMo 2000.

[3] Respondent has not appeared in the instant appeal. Respondent's attorney for proceedings in the circuit court withdrew his representation after the Commission filed its appeal.

In reviewing a circuit court's decision regarding the enforcement of an administrative subpoena, we affirm unless the decision is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. Jackson v. Mills, 142 S.W.3d 237, 240 (Mo. App. W.D. 2004) (citing Angoff v. M & M Mgmt. Corp., 897 S.W.2d 649, 656–57 (Mo. App. W.D. 1995)). Where, as here, a misapplication of law is asserted, our review is *de novo*. Jackson, 142 S.W.3d at 240.

Discussion

In the first of two points on appeal, the Commission argues that the circuit court erred in refusing to enforce the subpoena because the Commission's request comported with controlling law. Because we find Point One dispositive, we address that point alone.

It is generally accepted that the courts will enforce a subpoena during an administrative investigation if: (1) the inquiry is within the agency's authority; (2) the demand is not too indefinite; and (3) the information sought is reasonably relevant. Angoff v. M & M Mgmt. Corp., 897 S.W.2d 649, 652 (Mo. App. W.D. 1995) (citing Matter of Hein, 584 S.W.2d 631, 632 (Mo. App. E.D. 1979)). The subpoena at issue here satisfies all three elements.

Agencies possess no inherent authority to issue a subpoena; they exercise "only the power conferred upon them by statute." Angoff, 897 S.W.2d at 652. In Hein, we affirmed a circuit court's enforcement of a subpoena from the Division of Employment Security pertaining to employment records. Hein, 584 S.W.2d at 631–32. In doing so, we looked to the statute establishing the agency, and noted that the Missouri Employment Security Act expressly provided the Division of Employment Security the power to

> issue subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed determination or any other phase of the administration of this law.

3

Hein, 584 S.W.2d at 632 (citing Section 288.230(1), RSMo 1969). Ten years later, we applied

Hein to another case regarding the validity of an administrative subpoena, and again pointed to

the statute to note that the Division of Employment Security has expressly been given the

authority to issue a subpoena as part of its investigatory function. Ferger, 781 S.W.2d at 570

(citing Section 288.230.1, RSMo 1986).

Here, similarly, we look to the statute. The legislature has conferred upon the

Commission the power to inquire into the violations of Missouri's campaign finance disclosure

laws alleged here, and to issue a subpoena as part of its inquiry. Whether the Commission has the

authority to issue a subpoena is a straightforward matter: the statute expressly provides:

> [T]he commission shall have the following powers: [. . .]

> Upon refusal by any person to comply with a request for information relevant to
> an investigation, an investigator may issue a subpoena for any person to appear
> and give testimony, *or for a subpoena duces tecum to produce documentary or
> other evidence which the investigator deems relevant* to a matter under the
> investigator's inquiry.

Section 105.961.8(4) (emphasis here).

Of course, no agency can have "unfettered discretion in issuing subpoenas." Hein, 584

S.W.2d at 632. The Hein panel phrased the primary inquiry as whether the agency, "through its

agents, abused its investigatory power." Hein, 584 S.W.2d at 632. The text of the statute leads us

to conclude that the subpoena here is in furtherance of an inquiry—into whether Respondent was

required to form a committee and therefore file certain disclosures—that lies within the

Commission's authority. In pertinent part, Section 105.957 mandates that the Commission "shall

receive any complaints alleging violation of the provisions of [t]he campaign finance disclosure

requirements contained in chapter 130." Section 105.957.1(3). Upon receipt of such a complaint,

the commission "shall audit and investigate alleged violations." Section 105.959.3.

4

The citizen complaint in this case alleged that Respondent failed to "file a committee disclosure report and financial summary based on her campaign" even though she was required to do so. Under Missouri law, many candidates are required to form a committee, statutorily defined as:

> a person or any combination of persons, who accepts contributions or makes expenditures for the primary or incidental purpose of influencing or attempting to influence the action of voters for or against the nomination or election to public office of one or more candidates or the qualification, passage or defeat of any ballot measure or for the purpose of paying a previously incurred campaign debt or obligation of a candidate or the debts or obligations of a committee or for the purpose of contributing funds to another committee.

Section 130.011(7). In a city of one hundred thousand or less, a candidate need not form a committee or file attendant disclosure reports (or even file a statement indicating he or she is exempt) if:

> the aggregate of contributions received or expenditures made by the candidate and any other person with the candidate's knowledge and consent in support of the person's candidacy does not exceed one thousand dollars and the aggregate of contributions from any single contributor does not exceed three hundred twenty-five dollars.

Section 130.016.6. If a candidate exceeds those monetary limits, then "the candidate shall form a committee no later than thirty days prior to the election for which the contributions were received or expended which shall comply with all provisions of this chapter for committees." Section 130.016.7.

Once a committee is formed, it has certain responsibilities. Pursuant to Section 130.041, the committee's treasurer must file periodic disclosure reports including (among other information) the amount of money on hand at the beginning of the reporting period and detailed receipts for all contributions and expenditures. But even candidates who are not required to form a committee must maintain accurate records and accounts on a current basis. Section 130.036.1.

5

Any candidate who, pursuant to Section 130.016, is exempt from the requirements to form a committee shall maintain records of each contribution received or expenditure made in support of his candidacy. Any other person or combination of persons who, although not deemed to be a committee according to the definition of the term committee in section 130.011, accepts contributions or makes expenditures, other than direct contributions from the person's own funds, for the purpose of supporting or opposing the election or defeat of any candidate or for the purpose of supporting the qualifications, passage or defeat of any ballot measure shall maintain records of each contribution received or expenditure made. The records shall include name, address and amount pertaining to each contribution received or expenditure made and any bills, receipts, cancelled checks or other documents relating to each transaction.

Section 130.036.7. All records "shall be preserved for at least three years after the date of the election to which the records pertain," and "[s]uch records shall be available for inspection by the campaign finance review board and its duly authorized representatives." Section 130.036.8.

Here, the complaint received by the Commission articulated that Respondent violated campaign finance disclosure requirements by failing to form a required committee and file the disclosure reports mandated by Section 130.041. State statute mandates that the Commission investigate such allegations. See Section 105.959.3. The Commission's inquiry is therefore within its authority, satisfying the first element of the controlling three-part test.

The second element, that the Commission's demand "is not too indefinite," is likewise satisfied. See Angoff, 897 S.W.2d at 652. The Commission's subpoena includes specific requests for "[a]ll documents related to the April 2015" municipal mayoral race, arranged in four paragraphs. Paragraph 1 requires Respondent to provide "campaign materials and bank records in paper form or electronic form" and provides a non-exhaustive list of documents (*e.g.*, bank statements and cancelled checks) that will comport with the request. Paragraph 2 requests "all campaign materials in paper form or electronic form … or photocopies of campaign materials … including but not limited to invoices and/or receipts which support campaign expenditures, and the specific purpose of each expenditure." Paragraph 3 and Paragraph 4 respectively request all

monetary records and receipts, an internal list of contributors, and documents supporting any contribution refunds. As in Hein, where the Division of Employment's request for "payroll records" showing "wages paid" was held to be sufficiently definite, here the Commission's four-part request contains the requisite specificity.

Finally, the information sought by the Commission is reasonably relevant to its investigation, satisfying the third element. By examining the materials listed in the subpoena, the Commission will be able to discern whether contributions to and / or expenditures by Respondent's campaign met the monetary limits of Section 130.016.6, and therefore whether Respondent should have formed a committee and filed the attendant required financial disclosures.

The Commission did not abuse its investigatory power when it issued a subpoena *duces tecum* to Respondent. That subpoena contained the requisite specificity and was relevant to the Commission's investigation. The circuit court erred when it refused to enforce the subpoena. We therefore reverse and remand for further proceedings in accordance with this Opinion.

## Conclusion

The judgment of the trial court is reversed. We remand to the circuit court for further proceedings in accordance with this Opinion.

_____
Mary K. Hoff, Judge

Robert M. Clayton III, Presiding Judge, and Lisa P. Page, Judge, concur.

7